CAROLINA POWER & LIGHT COMPANY, PETITIONER v. W. OSMOND SMITH, JR. AND WIFE, ROBERTA K. SMITH; C. L. PEMBERTON, TRUSTEE, AND THE FIRST NATIONAL BANK OF DANVILLE, DEFENDANTS.

(Filed 2 June, 1965.)

**1. Attorney and Client § 5—**

The fact that the attorney for condemnor is also a defendant in the proceeding as trustee in a deed of trust on the land is not in itself ground for disturbing the judgment fixing the amount of compensation, it appearing that no objection was made by the owners of the equity of redemption until after verdict, and that the *cestue que trust* made no objection at any time, and that the remaining land was a great deal more than sufficient security for the amount of the debt.

**2. Eminent Domain § 11;    Evidence § 55—**

Trial in the Superior Court upon appeal from the commissioners' report in condemnation is *de novo,* and respondents are not entitled to have the commissioners testifying for them also testify that they had been appointed by the clerk, since the good character of a witness may be established by general reputation only, and not by the esteem in which he is held by a particular person.

**3. Appeal and Error § 24—**

An exception to the entire charge, assigned as error for that the court failed to explain the evidence and declare the law arising thereon and failed to recapitulate the evidence as required by law, is ineffectual.

APPEAL by defendants Smith from *Riddle, S.J.,* December 1964 Civil Session of CASWELL.

This condemnation proceeding was instituted in January 1964 to acquire 118 acres of land, owned by defendants Smith (appellants), for

use in constructing and operating an electric generating plant. Process was served on appellants. Defendants Pemberton, as trustee, and First National Bank of Danville accepted service of process, but did not answer. Appellants answered, admitting the material allegations of petition, including section 6, which alleged the land was subject to the lien of a deed of trust, dated April 21, 1961, from appellants to C. L. Pemberton, trustee, "securing an indebtedness to the defendant The First National Bank of Danville." They averred the land to be taken had a value of $35,000; petitioner had only offered $10,213.12.

Commissioners were appointed. They conducted a hearing in April 1964. Their report was confirmed in June 1964. Petitioner excepted and appealed. The jury, at the December 1964 Session, fixed the value of the land taken at $17,700. Appellants moved to set the verdict aside. The motion was denied. Judgment in conformity with the verdict was signed.

*Gwyn & Gwyn for defendant appellants.*

*Burns, Long & Burns; Pemberton & Blackwell; Charles F. Rouse for petitioner appellee.*

PER CURIAM. Appellants' first assignment of error, and the one principally relied on in the oral argument, is the denial of their motion to set the verdict aside. The motion is based on the fact that C. L. Pemberton, who, as trustee in the deed of trust described in section 6 of the petition, and for that reason a defendant herein, took an active part as counsel for petitioner in the trial of the case. This dual relationship of defendant and counsel for petitioner, they contend, is so contrary to public policy as to make the trial void. They do not charge any improper or wrongful conduct on the part of Mr. Pemberton, other than that which they contend arises as a matter of law from his relation as counsel for petitioner and his position as trustee in the deed of trust given by appellants.

Neither the pleadings nor the evidence show the amount appellants borrowed from the Danville Bank. We were told at the oral argument the amount borrowed was $19,000. The amount owing when this proceeding was begun does not appear, nor does it appear what duty was imposed on Mr. Pemberton by the deed of trust. In the absence of evidence to the contrary, it is fair to assume that the only duty imposed on the trustee related to a sale of the pledged property in the event of a default in paying the debt thereby secured. If and when that occurred, and creditor called on the trustee to sell, it would be the duty of the trustee to advertise and sell in such manner as to secure, for the benefit of mortgagor and the creditor, the fair value of the property.

Here, manifestly, the creditor was not disturbed about its security. It did not answer. It has not taken part in this litigation. It is not now complaining about the fact that the trustee appeared for petitioner in this proceeding.

The pleadings raise only one question, *viz:* What is fair compensation for the property to be taken? The commissioners appointed to determine that fact heard evidence in April 1964. Mr. Pemberton, one of the counsel for petitioner, participated in that hearing. When the case was called for trial in the Superior Court, the parties stipulated numerous facts, specifically agreeing that the only question for jury consideration was the amount of compensation to be paid. Mr. Pemberton acted for petitioner in selecting the jury; he examined and cross examined witnesses; he presented to the jury petitioner's contentions. Not until the jury reached and reported its verdict did appellants give any indication that they objected to Mr. Pemberton's appearing for petitioner.

All of the evidence establishes the fact that appellants could have given petitioner the land it needed without impairing the creditor's security. W. O. Smith testified the portion not taken was worth $75,000, nearly four times the sum originally borrowed. Pemberton and Smith did not, as appellants now contend, occupy the relation of attorney and client; to the contrary, appellants selected other counsel to represent them. They are only entitled to fair compensation for the property petitioner has taken. There is no suggestion that Pemberton has been guilty of fraud or chicanery. The only charge is that Pemberton, by fair examination of witnesses and plausible argument, succeeded in convincing the jury "fair compensation" was less than the sum claimed by appellants; nor, it may be noted, did he succeed in convincing the jury that the sum offered by petitioner was in fact fair compensation. The jury awarded $7,000 or 70 per cent more than petitioner had offered in private negotiation.

Appellants' delay in questioning Mr. Pemberton's right to appear as counsel for petitioner was a waiver of any right which they might otherwise have had. If appellants thought trustee was violating the confidence imposed in him by acting as attorney for petitioner, they owed him the duty of informing him that they objected to his appearance as counsel in this proceeding. The law here applicable is, we think, aptly stated in Bogert, Trusts & Trustees, 2d Ed., § 941. It is there said:

> "If a beneficiary, of full age and sound mind, acting with full knowledge of the facts of the case and of his rights, and not under the influence of misrepresentation, concealment, or other wrongful conduct on the part of the trustee or another, consents

that the trustee or a third person may perform an act or refrain from performing an act, equity will not permit the beneficiary to allege thereafter that the conduct of the trustee or third person to which consent was given was a breach of trust, or amounted to participation in a breach. * * * It would be extremely unfair to allow him thereafter to contend that the act which he impliedly said would be rightful was in fact wrongful. He would be entrapping the opposing party."

Application of the rule, as there stated, may be found in *Wolfe v. Land Bank*, 219 N.C. 313, 13 S.E. 2d 533; *Hare v. Weil*, 213 N.C. 484, 196 S.E. 869; *Pearson v. Caldwell*, 70 N.C. 291.

The commissioners appointed to value the property taken were called by appellants as witnesses. They gave, without objection, their estimate of the damage which appellants would sustain by the taking. They sought to buttress the testimony of these witnesses by having them testify that they had been appointed by the Clerk of the Court to ascertain appellants' damage. Petitioner objected. The objection was sustained — properly so. The hearing in the Superior Court was *de novo*. If appellants wished to establish the good reputation of their witnesses, they could have done so by the testimony of other witnesses. They could not establish that fact by showing the esteem in which the witnesses were held by a particular person; they could only show the general reputation. *Lorbacher v. Talley*, 256 N.C. 258, 123 S.E. 2d 477.

There appears in the record, following the charge: "This is DEFENDANTS SMITH'S EXCEPTION #4." Presumably the word "this" refers to the entire charge. This assumption is fortified by looking at the assignments of error where it is stated that the court committed error by failing to explain the evidence and declare the law arising thereon, as required in G.S. 1-180, in that the court failed to array and recapitulate the evidence as required by law. The exception is broadside and totally ineffective. The court gave the jury the correct rule for measuring damages, namely, the difference in value before and after the taking.

A careful examination of the record fails to disclose prejudicial error.

No error.