STATE OF NORTH CAROLINA v. MILLARD WRIGHT, JR.

No. 722SC764

(Filed 22 November 1972)

1. **Criminal Law § 99— questions by trial judge — no prejudicial expression of opinion**

    Questions put to witnesses by the trial judge in an assault case in no way constituted an expression or implication of an opinion by the court which would be prejudicial to defendant.

2. **Criminal Law § 169— failure to show what testimony would have been — no prejudice in exclusion**

    Defendant failed to show any prejudice to himself in the exclusion of witnesses' testimony where the record did not include what the testimony would have been had the witnesses been permitted to give it.

3. **Criminal Law § 89— character of witness — participation in work release — testimony properly excluded**

    The trial court properly refused to allow defendant to give an indication of his witness's character by asking whether the witness was on work release and where he was employed since the rule is that the reputation of a witness may be shown only with evidence of his general reputation in the community.

4. **Criminal Law § 161— assignments of error deemed abandoned**

    Assignments of error not supported by reason or argument in defendant's brief are deemed abandoned. Court of Appeals Rule 28.

5. **Criminal Law § 161— assignment of error not supported by exception in record**

    Assignments of error failing to cite specific numbered exceptions appearing in the record will be considered only within the discretion of the court on appeal. Court of Appeals Rule 21.

ON Writ of *Certiorari* to review trial before *Cohoon, Judge,* 20 March 1972 Session of Superior Court held in BEAUFORT County.

Defendant was convicted of assault with a deadly weapon, inflicting serious injury. Defendant's appeal was not docketed within the time allowed and we granted certiorari.

The State's evidence tended to show, among other things, that the prosecuting witness, David T. Perry, Jr., entered into a discussion with the defendant and defendant's brother, Russell, at a combination eating establishment and gasoline station. Defendant, angered by part of the conversation, advanced upon Perry causing him to retreat past defendant's pickup truck and back to the gasoline pumps of the service station. Perry displayed no weapon but defendant grabbed a truck bumper jack from his pickup truck and took several swings at Perry with the jack. Both defendant and his brother struck the prosecuting witness who was finally knocked unconscious when defendant hit him in the head with the jack. He suffered, among other things, a fractured skull which resulted in bone being driven into the brain. After the victim fell, defendant said several times, "I told you I would kill you." A police officer was summoned and found Perry face down on the ground, unconscious, with blood running from a large opening in his forehead. The officer turned him over and saw an open pocket knife under his body. Perry later identified the pocket knife as his and stated he had been carrying it in his pocket on the night in

question but that he had never opened it. Witnesses testified that Perry had an odor of alcohol.

Defendant's evidence tended to show that defendant and the prosecuting witness had a conversation during which defendant was accused of talking about the prosecuting witness. An argument ensued. When defendant tried to get off the hood of his truck where he had been sitting, the prosecuting witness grabbed him and forced him to lean back over the front of the truck. Defendant did not see any knife at this point. Defendant's brother then wrestled the prosecuting witness to the ground and stated that the prosecuting witness had a knife. Once he got up from the ground, Perry advanced upon defendant and his brother with an open knife and would not permit them to leave the area. At this point defendant armed himself with the truck jack and struck the prosecuting witness.

Defendant was sentenced to serve a term of five years imprisonment.

*Attorney General Robert Morgan by Henry T. Rosser, Assistant Attorney General, for the State.*

*Bryan Grimes for defendant appellant.*

VAUGHN, Judge.

[1] Defendant's first assignment of error challenges questions directed by the trial judge to various witnesses and asserts that these questions, by indicating to the jury that the trial judge held the opinion that defendant was guilty, were prejudicial to defendant. The standard to be followed in the examination of witnesses by a trial judge was stated in *State v. Colson,* 274 N.C. 295, 163 S.E. 2d 376, cert. den. 393 U.S. 1087. "If by their tenor, their frequency, or by the persistence of the trial judge [the questions] tend to convey to the jury in any manner at any stage of the trial, the 'impression of judicial leaning,' they violate the purpose and intent of G.S. 1-180 and constitute prejudicial error." Colson, *supra,* at p. 308. In order to properly perform his duties, the trial judge may ask questions of a witness in order to gain a proper understanding and clarification of the testimony of the witness. *State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59; *State v. Best,* 13 N.C. App. 204, 184 S.E. 2d 905, cert. den. 280 N.C. 495. A careful examination of the questions posed by the trial judge and of the context in

which they appear in the record reveals nothing which can be reasonably construed as either expressing or implying any opinion of the court as would be prejudicial to the defendant.

[2, 3] Defendant's assignments of error numbered five, seven and eight challenge the exclusion of evidence. In the first two of these assignments, the record fails to show what the witnesses' answers would have been had they been permitted to respond to the questions. It is, therefore, not possible to determine what effect the rulings sustaining objections to the questions may have had on the outcome of the trial. Since the presumption is in favor of the regularity of the proceedings and defendant has failed to show any prejudice resulting to him, defendant's fifth and seventh assignments of error are held to be without merit. In support of his eighth assignment of error, defendant urges that his questions asking whether defendant's witness was on work release and, if so, where was he employed, should have been allowed in order to give an indication of the witness's character and to speak to his credibility. This argument is without foundation. The rule in North Carolina is that the reputation of a witness may be shown only with evidence of his general reputation in the community. *Light Co. v. Smith,* 264 N.C. 581, 142 S.E. 2d 140.

[4] Defendant's second, fourth and ninth assignments of error are considered abandoned since "no reason or argument is stated or authority cited" in their support as required by Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[5] Defendant's tenth, eleventh and twelfth assignments of error fail to cite specific numbered exceptions appearing in the record. Exceptions which have not been duly noted in accordance with Rule 21, Rules of Practice in the Court of Appeals of North Carolina, and which appear for the first time in the assignments of error will not be considered. *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53, cert. den. 275 N.C. 595. In our discretion, we have examined these assignments of error and find them to be without merit. Defendant's arguments in support thereof are answered as follows: (1) the court gave full instructions on the theory of self-defense; (2) defendant failed to call any inadvertency in the court's recapitulation of the evidence to the attention of the court in time to afford an opportunity for correction *(State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469) ; and (3) there is no indication the defendant ten-

dered certain documents for introduction into evidence or that he was denied the opportunity to do so.

All of defendant's assignments of error have been considered and fail to disclose prejudicial error.

No error.

Judges HEDRICK and GRAHAM concur.