STATE OF NORTH CAROLINA v. WILLIE STEELE, JR.

No. 7421SC729

(Filed 6 November 1974)

Criminal Law § 99— questioning of witnesses by judge — sustaining own objections by judge

Defendant is entitled to a new trial where the trial court intervened with questions and comments well over 100 times, belittled and

State v. Steele

humiliated defense counsel, and assumed the role of solicitor in sustaining his own objections to testimony offered by defendant. ·

APPEAL by defendant from *McConnell, Judge,* 1 April 1974 Session of Superior Court held in FORSYTH County. Heard in the Court of Appeals 24 September 1974.

Defendant was charged in a bill of indictment with breaking and entering, and larceny and receiving. Following presentation of the evidence the jury returned verdicts of guilty of breaking and entering and larceny and the trial judge imposed a sentence of not less than five years nor more than ten years for the crime of breaking and entering and a sentence of three years for the crime of larceny, with sentence suspended for five years upon defendant's compliance with certain named conditions. Defendant appealed.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Carson, by Assistant Attorney General Ricks, for the State.*

*Roberts, Frye and Booth, by Leslie G. Frye, for defendant appellant.*

MORRIS, Judge.

In his first assignment of error the defendant contends that the trial court committed error by repeatedly intervening with comments and questions with such regularity and in such a manner as to amount to an expression of opinion by the court and by assuming the role of prosecutor in sustaining his own objections, all in violation of G.S. 1-180. Altogether the trial judge intervened with questions or comments well over 100 times. After examining the record closely, we feel compelled to sustain this assignment of error.

"G.S. 1-180 imposes on the trial judge the duty of absolute impartiality. *Nowell v. Neal,* 249 N.C. 516, 107 S.E. 2d 107 (1959). It forbids the judge to intimate his opinion in any form whatever, 'it being the intent of the law to insure to each and every litigant a fair and impartial trial before the jury.' *State v. Owenby,* 226 N.C. 521, 39 S.E. 2d 378 (1946). It has been construed to include any opinion or intimation of the judge *at any time during the trial* which

is calculated to prejudice either of the parties in the eyes of the jury. *State v. Douglas,* 268 N.C. 267, 150 S.E. 2d 412 (1966) ; *Everette v. Lumber Company,* 250 N.C. 688, 110 S.E. 2d 288 (1959). 'Both the courts and those engaged in the active trial practice recognize the strong influence a trial judge may wield over the jury. "The trial judge occupies an exalted station. Jurors entertain great respect for his opinion, and are easily influenced by any suggestion coming from him. As a consequence, he must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury. G.S. 1-180." ' ·*State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966)." (Emphasis supplied.) *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971).

Applying well-settled principles to the facts now before the Court we note that "[i]t is not . . . improper for the court to ask questions for the purpose of obtaining a proper understanding and clarification of a witness' testimony *as long as the trial judge does not engage in frequent interruptions and prolonged questioning.* (Citation omitted.)" (Emphasis supplied.) *State v. Huffman,* 7 N.C. App. 92, 171 S.E. 2d 339 (1969). But "[i]f by their tenor, their frequency, or by the persistence of the trial judge they tend to convey to the jury in any manner at any stage of the trial the 'impression of judicial leaning,' they violate the purpose and intent of G.S. 1-180 and constitute prejudicial error." *State v. Frazier, supra,* and cases cited therein ; *State v. Lowery,* 12 N.C. App. 538, 183 S.E. 2d 797 (1971) ; *State v. Wright,* 16 N.C.App. 562, 192 S.E. 2d 655 (1972), cert. denied 282 N.C. 584 (1973).

As we have already pointed out, here the trial judge intervened with questions and comments well over 100 times. In reviewing the record we find that many of the questions posed to witnesses by the trial judge went beyond an effort to obtain a proper understanding and clarification of their testimony. Furthermore, several of the judge's comments tended to belittle and humiliate defense counsel in the eyes of the jury. While any one of these questions or comments standing alone, even though erroneous, might not be regarded as prejudicial, when viewed in light of their cumulative effect upon the jury we conclude they seriously prejudiced defendant's case.

We also find merit in the defendant's contention that the trial judge assumed the role of the solicitor in sustaining his

own objections to testimony offered by the defendant. Several times during the course of the trial, apparently in an effort to speed up the trial, the trial judge himself entered and sustained his own objections. Although these objections would have been proper objections for the solicitor to make, the cumulative effect of the court's repeatedly assuming the role of the solicitor constituted prejudicial error.

Additionally, although inadvertently done, the court in his instructions to the jury, used language which could have led the jury to believe that the court was convinced of defendant's guilt.

For the reasons above set out, there must be a new trial.

New trial.

Judges HEDRICK and BALEY concur.