STATE OF NORTH CAROLINA v. JAMES GIRLEY

No. 755SC431

(Filed 5 November 1975)

1. **Jury § 6— voir dire — questions on self-defense — examination by court proper**

    The trial judge did not err in denying defendant the opportunity to define self-defense to the jury during *voir dire*, to conduct a reasonable examination on that subject, and to ask the jury if they believed in such a defense, since the judge himself questioned the jurors as to whether there was any member who would not accept his explanation and legal definition of self-defense.

2. **Assault and Battery § 15— instructions — final mandate — failure to include not guilty by reason of self-defense**

    The trial court erred in failing to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 7 January 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 16 September 1975.

Defendant was charged with felonious assault with a deadly weapon with the intent to kill, inflicting serious injury not resulting in death. The jury returned a verdict of guilty and from judgment sentencing him to a term of imprisonment, defendant appealed.

Other facts necessary to decision are set out in the opinion.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Jay D. Hockenbury for defendant appellant.*

MORRIS, Judge.

[1] Defendant first contends that the trial court erred in denying him the right to advise the jury on the law of self-defense during the voir dire, to conduct a reasonable examination on that subject, and to ask the jury if they believed in such a defense. Pursuant to G.S. 9-15 (a), the court may question and " . . . direct oral inquiry of any prospective juror as to the fitness and competency of any person to serve as a juror . . . . "

In *State v. Dawson*, 281 N.C. 645, 654, 190 S.E. 2d 196 (1972), Chief Justice Bobbitt noted that:

> "Although G.S. 9-15(a) assures a defendant of the right to have due inquiry made as to the competency and fitness of any person to serve as a juror, the actual questioning of prospective jurors to elicit the pertinent information may be conducted either by the court or by counsel for the State and counsel for the defendant. The trial judge, in his discretion, may decide which course to pursue in a particular case. If the court, when it conducts the questioning, declines to ask a question requested by the defendant's counsel, an exception may be noted so that an appellate court can consider the propriety, pertinence and substance of such question."

In the case at bar, the defendant's proposed line of inquiry regarding self-defense was handled sufficiently by the judge as shown by the following:

> "MR. HOCKENBURY: I object to not being able to define self-defense to the jury.
>
> COURT: I understand them to say that they understood it. You may ask if anyone has any disagreement with it or would not follow the law in that respect, but if you are going to explain self-defense to them, that—there is no need for that.
>
> MR. HOCKENBURY: I wonder if I could ask them the question if they believe in it.
>
> COURT: They said they did.
>
> MR. HOCKENBURY: I want to be sure that we are talking about the same self-defense. That is the only thing I want to know, Your Honor.
>
> COURT: I will let the ruling stand.
>
> MR. HOCKENBURY: Is there anybody that does not believe in self-defense as it is applied to the laws of North Carolina.
>
> COURT: Let me say this for you. I don't mean to give you a hard time. Ladies and Gentlemen, if there is evidence of self-defense in this case it can be argued to you by the attorney for the State and the attorney for the defendant and I will explain the legal effect of it. I will explain what it is and when it is applied. Now, is there any member of

you who would not accept my explanation of it whether you disagree with it or not? Is there any member who would not accept my explanation and legal definition of self-defense if it comes to that point? If you wouldn't feel free to tell me and I will excuse you. All right."

Thus, "the procedure followed in the present case avoided repetitive questioning without precluding or restricting any inquiry suggested and requested by defendant's counsel. The procedure followed was not violative of G.S. 9-15(a) or otherwise objectionable, and defendants have failed to show any prejudice on account thereof." *State v. Dawson, supra,* at 654.

[2] Defendant contends that the trial court erred in failing to refer to the defendant's plea of self-defense in its last and concluding charge to the jury. In its final mandate the court stated to the jury:

"Therefore, Members of the Jury, if the State has satisfied you from the evidence and beyond a reasonable doubt that the defendant James Girley did in fact commit an assault with a .22 caliber pistol on Richard Lee McDonald and caused him to suffer by reason of that assault serious injury to his person, then it would be your duty to return a verdict of guilty as charged. If the State has failed to so satisfy you or if upon a consideration of all the evidence you have a reasonable doubt as to his guilt, it would be your duty to return a verdict of not guilty."

This instruction is prejudicial and warrants a new trial. In *State v. Dooley,* 285 N.C. 158, 165-166, 203 S.E. 2d 815 (1974), our Supreme Court held that:

"The failure of the trial judge to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury was not cured by the discussion of the law of self-defense in the body of the charge. By failing to so charge, the jury could have assumed that a verdict of not guilty by reason of self-defense was not a permissible verdict in the case."

We deem it unnecessary to discuss other errors assigned by defendant.

New trial.

Judges HEDRICK and ARNOLD concur.