STATE OF NORTH CAROLINA v. BENJAMIN T. HUNT

No. 7514SC498

(Filed 4 February 1976)

Homicide § 28— instructions — final mandate — possible verdicts — not guilty by reason of self-defense

Defendant is entitled to a new trial since the trial court failed to include not guilty by reason of self-defense in its final mandate to the jury.

ON *writ of certiorari* to review proceedings before *Braswell, Judge*. Judgment entered 5 December 1974 in Superior Court, DURHAM County. Heard in the Court of Appeals 25 September 1975.

Defendant was tried on a bill of indictment charging the first degree murder of Lonnie D. Leonard. The following is what the evidence tends to reveal.

On 15 January 1973, the defendant operated an automobile repair business in a garage behind his home. Between 8:00 and 8:30 p.m. Tony Walker, Steve Walker, Charles Leonard, Lonnie D. Leonard and Debra Stone came by defendant's home to pick up Walker's car which was being repaired by defendant. Defendant had retired for the evening but went outside in response to Walker's knock at the door.

An argument then ensued that attracted the attention of defendant's wife inside the house as well as the next door neighbor. Mrs. Hunt observed her husband attempting to free himself from Walker and his group as they were holding defendant and physically threatening him.

Mrs. Hunt screamed for her daughter to call the sheriff, and she obtained a .22 caliber pistol and ran to the doorway. Defendant had retreated back onto the porch, and he took the pistol from Mrs. Hunt.

Defendant fired towards the ground and ordered everyone to leave. More cursing and "fussing" followed from the Walker party, and one of the men ran up onto the porch towards defendant. Several shots were fired. Walker stated that he was not afraid of defendant's "pop gun" because he had something "better" and "bigger."

Following more threats and curses the group left. It was discovered that Lonnie D. Leonard had been shot. An autopsy revealed that Leonard was under the influence of alcohol at the time of his death.

The jury returned a verdict of guilty of voluntary manslaughter, and defendant was given an active sentence.

*Attorney General Edmisten, by Associate Attorney Jerry J. Rutledge and Assistant Attorney General Robert P. Gruber, for the State.*

*Alwood B. Warren for defendant appellant.*

ARNOLD, Judge.

Defendant assigns as error the failure of the trial court, in its final mandate, to instruct the jury to return a verdict of not guilty if they should find that defendant acted in self-defense. Defendant contends that under *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974), this is reversible error.

The trial judge is required to instruct the jury as to the law based on the evidence presented. G.S. 1-180. The judge is to charge on all substantial features of the case which arise from the evidence, and all defenses presented by the evidence are substantial features of the case. *State v. Faust,* 254 N.C. 101, 118 S.E. 2d 769 (1961). If there is evidence that defendant acted in self-defense the judge must charge on self-defense even though there is contradictory evidence by the State or discrepancies in defendant's evidence. *State v. Dooley, supra; State v. Hipp,* 245 N.C. 205, 95 S.E. 2d 452 (1956).

It is argued by the State that under the circumstances, a defense of self-defense was not raised, and that it was only

---

out of abundant caution that self-defense was charged. The charge included a general statement concerning the law of self-defense and the things of which defendant must satisfy the jury in order to excuse the killing on grounds of self-defense.

In his final mandate the judge described each of the possible offenses and stated that the State must prove beyond a reasonable doubt that defendant "without justification or excuse" shot the deceased. He further instructed that "if you have a reasonable doubt as to any one or more of these things, it is your duty to return a verdict of not guilty." The State asserts that based on these instructions, considered as a whole, it could not be assumed by the jury that a verdict of not guilty by reason of self-defense was not a permissible verdict.

While the State makes a logical argument *Dooley* nevertheless does require the trial judge to include not guilty by reason of self-defense as a possible verdict in his final mandate where the defense has been raised by the evidence. A failure to do so is not cured by an instruction on the law of self-defense in the body of the charge. *State v. Dooley, supra,* at 165, 166.

Defendant is entitled to a new trial for omission in the judge's final mandate to the jury that self-defense was a possibility of acquittal.

A discussion of defendant's remaining assignments of error is deemed unnecessary.

New trial.

Judges MORRIS and HEDRICK concur.