STATE OF NORTH CAROLINA v. THOMAS WOODSON

No. 7617SC446

(Filed 3 November 1976)

**1. Assault and Battery § 15— failure to instruct on defense of home**
     The trial court in a felonious assault case erred in failing to instruct on defendant's right to defend himself in his home where the evidence showed defendant was standing on the porch of his home when he shot the victim and defendant presented evidence tending to show that he shot in self-defense.

**2. Assault and Battery § 15— instructions — final mandate — not guilty by reason of self-defense**
     The trial judge in a felonious assault case erred in failing to include not guilty by reason of self-defense as a possible verdict in his final mandate to the jury.

APPEAL by defendant from *Wood, Judge.* Judgment entered 17 December 1975 in Superior Court, CASWELL County. Heard in the Court of Appeals 12 October 1976.

Defendant was convicted of assault with a deadly weapon with intent to kill inflicting serious injury. Judgment was entered imposing a prison sentence of twenty years.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., and Assistant Attorney General Ralf F. Haskell, for the State.*

*Alston & Hart, by Vernon Hart, for defendant appellant.*

VAUGHN, Judge.

It is not necessary to state the facts except to say that there was ample evidence to sustain the verdict of the jury. There must be a new trial, nevertheless, because of errors in the charge. Defendant admitted shooting the victim. Defendant was standing on the porch of his home when he fired the shot. Defendant's evidence was calculated to show that he shot in self-defense.

[1] Defendant contends that the judge failed to declare and explain the law arising upon the evidence as it related to defendant's right to defend himself in his home. The exception is well taken and requires a new trial. *State v. Poplin,* 238 N.C. 728, 78 S.E. 2d 777.

[2]   Defendant also assigns error to the charge in that the court did not include a specific instruction on self-defense in his final mandate to the jury. As a result of the decision of the Supreme Court in *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815, such an instruction must be given in the final mandate.

In *Dooley* the judge explained the law as it related to self-defense and explained what must be shown in order to excuse defendant's conduct on that ground. The Supreme Court, nevertheless, granted a new trial because of "[t]he failure of the trial judge to include not guilty by reason of self-defense as a possible verdict *in his final mandate . . . ."* (Emphasis added.) *State v. Dooley, supra.* The final mandate in the case at bar is almost identical to the one that required reversal in *State v. Girley,* 27 N.C. App. 388, 219 S.E. 2d 301, *cert. den.,* 289 N.C. 141, 220 S.E. 2d 799. In compliance with the decision of the Supreme Court in *Dooley,* this Court was required to also order a new trial in *State v. Hunt,* 28 N.C. App. 486, 221 S.E. 2d 720. In that case, as here, the Court failed to include not guilty by reason of self-defense in his final mandate.

The questions raised by defendant's other assignments of error may not recur at the next trial and will not be considered on this appeal.

There must be a new trial for the reasons stated.

New trial.

Chief Judge BROCK and Judge MARTIN concur.