STATE OF NORTH CAROLINA v. LINDA ELAINE REID

No. 8119SC89

(Filed 7 July 1981)

1. **Homicide § 28 — instructions — final mandate — possible verdicts — not guilty by reason of self-defense**

   Defendant is entitled to a new trial because of the trial court's failure to include not guilty by reason of self-defense in its final mandate to the jury.

2. **Criminal Law §§ 99.2; 101 — remark by trial judge — newspaper article read by jurors — expression of opinion on evidence**

   Defendant was prejudiced when four jurors in a murder trial read a newspaper article which quoted the trial judge as stating "too many shots" in denying defendant's motion for nonsuit. Furthermore, the trial judge's statement to the jury that his earlier statement was made at a time when the trial was like a baseball game "with the score seventeen to nothing, but our side ain't been up yet" constituted an expression of opinion on the evidence.

APPEAL by defendant from *Hairston, Judge.* Judgment entered 25 September 1980 in Superior Court, ROWAN County. Heard in the Court of Appeals 26 May 1981.

Upon an indictment for murder defendant was found guilty by a jury of voluntary manslaughter.

Evidence for the State showed that defendant shot her husband while the two were in their bedroom. Defendant's evidence tended to show that her husband was intoxicated, started an argument, grabbed a club and threatened to kill defendant. Defendant thereupon retrieved a gun, retreated from deceased who continued to pursue her, fired a warning shot and then fired at

deceased when she realized he was not going to stop advancing on her.

Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Carroll and Scarbrough, by Phillip G. Carroll and James E. Scarbrough, for defendant-appellant.*

ARNOLD, Judge.

[1] Defendant asserts that the failure of the trial court to charge in its final mandate that the jury could find her not guilty by reason of self-defense was reversible error. She relies on *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974); *State v. Hunt,* 28 N.C. App. 486, 221 S.E. 2d 720 (1976); and *State v. Girley,* 27 N.C. App. 388, 219 S.E. 2d 301 (1975), *disc. rev. denied,* 289 N.C. 141, 220 S.E. 2d 799 (1976).

The State asserts that the court's instructions as to self-defense, when viewed as a whole, would have allowed a verdict of not guilty by reason of self-defense. However, the State concedes that it cannot distinguish the case *sub judice* from *Dooley, Hunt* and *Girley.* The charge must include not guilty by reason of self-defense as a possible verdict in the final mandate where the defense is raised by the evidence, as it was in defendant's trial. *State v. Dooley, supra; State v. Hunt, supra;* and *State v. Girley, supra.*

[2] Error is also assigned by defendant to the trial court's failure to declare a mistrial as a result of at least four jurors' admission that they read a newspaper article about defendant's trial. After charging the jury the court recessed until the following morning at which time the jury would begin deliberations. During this overnight recess a newspaper article, attached as an exhibit to this appeal, was read by some of the jurors.

The newspaper reported a statement the trial judge made out of the presence of the jury in denying defendant's motion to dismiss for insufficiency of the evidence. In response to defendant's motion the trial judge replied "too many shots . . . . Motion denied." It was this response which was accurately quoted by the newspaper and read by the jurors.

The question of excessive force was a crucial issue before the jury, and the judge's inadvertent statement, once read in the newspaper by the jurors, almost certainly and irreparably prejudiced defendant. Were there no other errors in this trial defendant would be entitled to a new trial due to the unfortunate and needless quote by the newspaper of the trial judge's surplusage made during the press of the trial proceedings, but nevertheless made outside the presence of the jury.

Moreover, the maladroitness of uttering and reporting the "too many shots" statement was compounded to defendant's further prejudice when the trial judge attempted to cure the prejudice caused by the newspaper. Defendant asserts that the judge's analogy of the trial to a baseball game "with the score seventeen to nothing, but our side ain't been up yet," although not so intended by the court, amounted to a comment on the weight of the evidence. We cannot disagree with defendant that the judge's comment might have added credibility to the State's case in the eyes of the jury.

Defendant is entitled to a

New trial.

Judges VAUGHN and BECTON concur.