STATE OF NORTH CAROLINA v. ALBERT EUGENE ALSTON

No. 8418SC784

(Filed 16 April 1985)

**Criminal Law § 34— prior convictions—inadmissible to show intent**

  In a prosecution for larceny of a vehicle, evidence of defendant's convictions of automobile larceny three, four and fourteen years earlier was not admissible to establish defendant's intent on the date of the crime charged. Rather, such evidence tended to show defendant's propensity or predisposition to commit the type of offense with which he is presently charged and its admission was prejudicial error.

APPEAL by defendant from *Watts, Judge*. Judgment entered 26 January 1984 in Superior Court, GUILFORD County. Heard in the Court of Appeals 7 March 1985.

Defendant was arrested for the felonious larceny of a truck valued at $6,900.00. The State presented evidence that a 1983 Dodge truck owned by Genuine Auto Parts disappeared from the store on 30 July 1984. Officer J. E. Hoover testified that he observed the truck being operated by the defendant on the afternoon of the same day. The truck was swerving and running stop signs, crossed a concrete median and eventually crossed a field and collided with a utility pole.

Defendant, through the testimony of his sister and a patrolman, presented evidence of defendant's intoxication, tending to negate the specific intent of permanently depriving the owner of the vehicle. Defendant did not testify.

On rebuttal the State presented testimony, over objection, from one former and one present prosecutor that defendant had been convicted in 1970, 1979, and 1980 of automobile larceny. The evidence was admitted to show defendant's intent on 30 July 1983.

Defendant was found guilty and sentenced to ten years imprisonment. He appealed.

*Attorney General Rufus L. Edmisten, by Associate Attorney J. Allen Jernigan, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

MARTIN, Judge.

Defendant assigns error to certain testimony elicited on rebuttal by the State. The State on rebuttal introduced evidence that defendant had been convicted in 1970, 1979, and 1980 of larceny of an automobile. The rebuttal evidence was admitted by the court "for no other purpose than as it might bear upon the defendant's intent on July 30, 1983." Defendant argues that this evidence had no logical relevancy to the issue of defendant's intent on 30 July 1983, and the trial court committed prejudicial error in allowing its admission. We find the admission of this

evidence to be error, and because we cannot say that the error was harmless to the defendant beyond a reasonable doubt, we hold there must be a new trial.

Among the exceptions to the general rule that evidence of another crime is inadmissible even though the other offense is of the same nature as the crime charged is the "intent" exception.

> Where a specific mental intent or state is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite mental intent or state, even though the evidence discloses the commission of another offense by the accused.

*State v. McClain*, 240 N.C. 171, 175, 81 S.E. 2d 364, 366 (1954). However, evidence of separate criminal activity should be excluded when its only logical relevance "is to suggest defendant's propensity or predisposition to commit the type of offense with which he is presently charged." *State v. Hunt*, 305 N.C. 238, 246, 287 S.E. 2d 818, 823 (1982), *quoting, State v. Shane*, 304 N.C. 643, 654, 285 S.E. 2d 813, 820 (1982), *cert. denied*, --- U.S. ---, 80 L.Ed. 2d 134, 104 S.Ct. 1604 (1984).

We believe the evidence of defendant's prior criminal conduct in this case at best "suggest[ed] defendant's propensity or predisposition to commit the type of offense with which he is presently charged." *Id.* Defendant's convictions of automobile larceny three, four, and fourteen years earlier had no concrete bearing on or logical tendency to establish the requisite mental state on 30 July 1983. The only logical relevancy these prior convictions had to the crime for which defendant was being tried was that they were "similar" and arguably, albeit attenuated, "not too far removed from the crime with which defendant was charged," a standard of admission expressly disavowed by our Supreme Court in *State v. Byrd*, 309 N.C. 132, 141, 305 S.E. 2d 724, 731 (1983).

Because the jury was permitted to find the requisite mental intent to permanently deprive the owner of his vehicle from defendant's prior instances of larceny, we are precluded from saying the admission of the evidence of these prior crimes was harmless error. We do not discuss the defendant's other assignments of error as they may not recur at a new trial.

New trial.

Judges WEBB and PHILLIPS concur.