---
State v. Hall
---

---

STATE OF NORTH CAROLINA v. JOHNNY FRANKLIN HALL

No. 8610SC944

(Filed 5 May 1987)

1. **Rape and Allied Offenses § 4.1— attempted rape—prior conviction for assault with intent to rape—admissibility to show intent**

   In a prosecution of defendant for attempted rape, evidence of defendant's 1977 conviction for assault with intent to rape was properly admitted since evidence of the prior conviction was crucial to the State's case due to the

unavailability of other kinds of evidence of defendant's intent, and, though the prior conviction was nine years old, evidence was introduced over defendant's objection to show that defendant had been released from prison for that offense only two days before the charged offense occurred, a fact which enhanced its probative value.

**2. Rape and Allied Offenses § 5— attempted rape—sufficiency of evidence of intent**

Evidence was sufficient to allow a jury to infer that defendant intended to rape his victim where it tended to show that defendant, who had just been released from prison after serving a sentence for assault with intent to rape, wrapped his arm around the victim's neck, pulled her shirt down, touched her breasts with his hands, and physically abused her; furthermore, defendant's lack of interest in the victim's wallet, her car, or its contents indicated that robbery was not his objective.

**3. Criminal Law § 101.2— questioning jury about newspaper article—no error**

The trial court did not commit reversible error when questioning the jurors about a newspaper article.

**4. Criminal Law § 138.35— mental condition or capacity—mitigating factors—no finding required**

The trial court was not required to find as mitigating factors that defendant suffered from a "mental condition" or from "limited mental capacity" which significantly reduced his culpability for the offense, since there was no evidence that defendant suffered from a mental disease or illness, and a psychological evaluation which established that defendant had below average intelligence and that his level of intelligence resulted in a below average ability to determine the causes and consequences of his behavior did not clearly establish that his culpability for the offense was significantly reduced.

APPEAL by defendant from *Bailey, Judge*. Judgment entered 9 January 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 11 February 1987.

Defendant was indicted on charges of first degree kidnapping and first degree attempted rape. The only evidence at trial was presented by the State. It tended to show that, at 1:00 a.m. on 28 June 1985, defendant accosted Alice Midyette in the parking lot of the restaurant where she worked. Ms. Midyette had just opened her car door and was taking her wallet out of her pocketbook when defendant put a knife at her waist and ordered her to close the door. Ms. Midyette placed her wallet on the seat of the car and closed the door. Defendant immediately pulled her shirt down to her waist and began touching her breasts with his hands. He then wrapped his arm around her neck and started dragging her across the parking lot. During this time, when his victim re-

peatedly asked him not to hurt her, defendant became angry, told her to "shut up," pulled her hair, and jerked her with his arm. After defendant had dragged her for a short distance, Ms. Midyette saw a man sitting on a nearby wall with his back to them. She screamed to get the man's attention and pushed defendant away. Defendant hesitated momentarily and then fled. He was apprehended shortly thereafter, as he was leaving an alley next to the restaurant. Ms. Midyette later positively identified defendant as her attacker.

At the close of the evidence, defendant moved to dismiss the charges. The trial court denied the motion and submitted charges of second degree kidnapping and attempted first degree rape to the jury. The jury found defendant guilty of both charges.

*Attorney General Thornburg, by Assistant Attorney General Thomas D. Zweigart for the State.*

*Purser, Cheshire, Parker & Hughes by Joseph B. Cheshire V, and Gordon Widenhouse, for the defendant-appellant.*

EAGLES, Judge.

At the outset, we note that this appeal is subject to dismissal for failure to follow the Rules of Appellate Procedure. *See Marisco v. Adams*, 47 N.C. App. 196, 266 S.E. 2d 696 (1980). Rule 9 requires that exceptions appear in the record in the manner provided for in Rule 10. Rule 10(b)(1) states that exceptions "shall be set out immediately following the record of judicial action to which it is addressed." The purpose of the rule is to make appellate review more effective by narrowing the scope of inquiry to, and providing a visible reference point in the record for, the particular judicial action which the appellant assigns as error. *See Darden v. Bone*, 254 N.C. 599, 119 S.E. 2d 634 (1961); Commentary to Rule 10(b)(1). In all but one of his assignments of error, defendant has failed to make clear reference in the record or transcript of the particular action complained of. Nevertheless, pursuant to Rule 2, we elect to address the merits of his appeal.

After carefully examining and considering each of defendant's assignments of error, we hold that he received a fair trial free of prejudicial error.

I

**[1]** Defendant first assigns as error the trial court's admission of evidence of his 1977 conviction for assault with intent to rape.

It is well established that extrinsic evidence of another offense is not admissible to show the character of the accused or his propensity to commit the crime with which he is charged. *State v. Searles*, 304 N.C. 149, 282 S.E. 2d 430 (1981); G.S. 8C-1, Rule 404(b). Evidence of a prior offense is admissible, however, when it is offered to prove some other, relevant purpose, such as motive, opportunity, knowledge or intent. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954); G.S. 8C-1, Rule 404(b). Therefore, when a specific mental intent or state of mind is an essential element of the charged offense, evidence of previous acts of the same kind is admissible to prove the defendant's intent or state of mind. *State v. May*, 292 N.C. 644, 235 S.E. 2d 178, *cert. denied*, 434 U.S. 928, 54 L.Ed. 2d 288, 98 S.Ct. 414 (1977). Here, evidence of defendant's prior conviction was offered to prove that his intent in assaulting and kidnapping his victim was to rape her. We hold that it was properly admitted for that purpose.

In cases involving sexual offenses, our courts have been liberal in construing the exceptions to the general rule that evidence that defendant committed another, separate offense is inadmissible. *State v. Cotton*, 318 N.C. 663, 351 S.E. 2d 277 (1987). Whether a defendant's previous conviction for a sexual offense is pertinent in his prosecution for an independent sexual crime depends on the facts in each case, *State v. Shane*, 304 N.C. 643, 285 S.E. 2d 813 (1982), and, among other things, the availability of other forms of proof. *See State v. May, supra*; G.S. 8C-1, Rule 404(b) official commentary. We believe the facts here support the admission of defendant's prior conviction for assault with intent to rape under former G.S. 14-22 (now attempted rape under G.S. 14-27.6).

Defendant admits that his identity and the fact of the assault were not seriously in issue. Therefore, his intent was the central question during trial. Because it involves a determination of the defendant's state of mind, the question of intent usually must be inferred from circumstantial evidence. *State v. Riggsbee*, 72 N.C. App. 167, 323 S.E. 2d 502 (1984). Since the victim managed to escape before the offense was completed, evidence of defendant's

State v. Hall

intent was necessarily limited. Therefore, the evidence of defendant's prior conviction was probative of his intent in assaulting Ms. Midyette. *See State v. Searles, supra; State v. May, supra; State v. Moser*, 74 N.C. App. 216, 328 S.E. 2d 315 (1985); *State v. Bagley*, 39 N.C. App. 328, 250 S.E. 2d 87 (1979); 77 A.L.R. 2d 841 (1961) and Later Case Service. *But cf., State v. Gammons*, 258 N.C. 522, 128 S.E. 2d 860 (1963), *overruled on other grounds, State v. Hunt*, 283 N.C. 617, 197 S.E. 2d 513 (1973); *State v. Alston*, 74 N.C. App. 320, 327 S.E. 2d 927 (1985).

Defendant also argues that the age of his prior conviction makes it too remote to be admissible under Rule 404(b). While remoteness of another offense is relevant to its admissibility to show *modus operandi* or a common scheme or plan, *see State v. Riddick*, 316 N.C. 127, 340 S.E. 2d 422 (1986), remoteness usually goes to the weight of the evidence, not its admissibility. *State v. Brown*, 280 N.C. 588, 187 S.E. 2d 85, *cert. denied*, 409 U.S. 870, 34 L.Ed. 2d 121, 93 S.Ct. 198 (1972). Under these facts, we believe the age of defendant's prior conviction affects only its weight, not its admissibility.

Even if evidence of another offense is admissible under Rule 404(b), the trial court must nevertheless exclude it if it determines that its probative value is substantially outweighed by the danger of unfair prejudice. *State v. DeLeonardo*, 315 N.C. 762, 340 S.E. 2d 350 (1986); G.S. 8C-1, Rule 403. Whether to exclude otherwise admissible evidence under Rule 403, however, rests in the discretion of the trial judge. *State v. Mason*, 315 N.C. 724, 340 S.E. 2d 430 (1986). We find no abuse of discretion here. As noted, evidence of the prior conviction was crucial to the State's case due to the unavailability of other kinds of evidence of defendant's intent. In addition, although the prior conviction was nine years old, evidence was introduced over defendant's objection to show that defendant had been released from prison for that offense only two days before the charged offense occurred, a fact which enhances its probative value. *See State v. Riddick, supra.* Therefore, we hold that the evidence of defendant's prior conviction, as well as the fact of his recent release from prison, was properly admitted.

## II

**[2]** Defendant also argues that the evidence of his intent to rape was insufficient as a matter of law and that the trial court should have granted his motion to dismiss. We disagree. In ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference which can be drawn from the evidence. *State v. Covington*, 315 N.C. 352, 338 S.E. 2d 310 (1986). If, in so doing, there is substantial evidence on each element of the charged offense, the case should be submitted to the jury. *State v. Van Landingham*, 283 N.C. 589, 197 S.E. 2d 539 (1973). There is substantial evidence in the record here that defendant intended to rape his victim.

Before a defendant may be convicted of attempted rape, the State must prove, beyond a reasonable doubt, that the defendant: (1) had the specific intent to rape the victim, and (2) committed an act which goes beyond mere preparation but falls short of the actual commission of the rape. *State v. Boone*, 307 N.C. 198, 297 S.E. 2d 585 (1982). Since defendant's assault clearly goes beyond mere preparation, the only remaining question is whether the evidence is sufficient to show the requisite intent. To show an intent to rape, the State must prove that defendant intended to have sexual intercourse with the victim notwithstanding any resistance on her part. *State v. Edmondson*, 302 N.C. 169, 273 S.E. 2d 659 (1981). It is sufficient if defendant has the intent at any point during the assault and it need not be shown that he made an actual, physical attempt to have intercourse. *State v. Hudson*, 280 N.C. 74, 185 S.E. 2d 189 (1971), *cert. denied*, 414 U.S. 1160, 39 L.Ed. 2d 112, 94 S.Ct. 920 (1974).

Defendant contends, however, that the evidence can equally support a finding that he intended to rob Ms. Midyette or commit a sexual offense other than rape. Our courts have rejected similar arguments before, holding that sexually motivated assaults may give rise to an inference that defendant intended to rape his victim notwithstanding that other inferences are also possible. *See State v. Whitaker*, 316 N.C. 515, 342 S.E. 2d 514 (1986). In *State v. Hudson, supra*, for example, the court held that defendant's sexual assault and abuse of his victim were sufficient to show an intent, at some point in the assault, to rape her. Similarly, in *State*

*v. Whitaker, supra,* where the defendant grabbed his victim by the throat, told her that "I want to eat you," ordered her to drive to a secluded area and turn out the car's lights, pulled her pants down to her knees, and inquired about her underclothing, the court held the evidence was sufficient for the jury to find an intent to rape. Moreover, in *State v. Norman,* 14 N.C. App. 394, 188 S.E. 2d 667 (1972), the court held that evidence that defendant touched the victim's breasts and then choked her into unconsciousness was sufficient to support his conviction for assault with intent to rape. *See also State v. Wortham,* 80 N.C. App. 54, 341 S.E. 2d 76 (1986), *reversed in part,* 318 N.C. 669, 351 S.E. 2d 294 (1987); *State v. Powell,* 74 N.C. App. 584, 328 S.E. 2d 613 (1985).

The evidence here shows that defendant, who had just been released from prison after serving a sentence for assault with intent to rape, wrapped his arm around the victim's neck, pulled her shirt down, touched her breasts with his hands, and physically abused her. In addition, defendant's lack of interest in her wallet, her car or its contents, indicate that robbery was not his objective. We hold that this evidence is sufficient to allow a jury to infer that defendant intended to rape his victim.

### III

**[3]** Next, defendant contends that the trial court committed reversible error when questioning the jurors about a newspaper article. Before the jury retired to deliberate, the court, at the request of defendant's counsel, addressed the jury as follows:

> It's been called to my attention, ladies and gentlemen, that in yesterday afternoon's Raleigh Times there was a story concerning the fact that I did not permit the alleged victim in a previous rape case from testifying as to whatever went down in that occurrence.
>
> Did any of you all read that article? Real sure?

None of the jurors indicated that they had read the article and the court admonished them that, even if they had, they should not consider it in determining the case. Defendant contends that the trial court's questioning amounted to a comment on the weight of the evidence, informed the jury of the article's contents to his prejudice, and damaged his credibility. We disagree.

By his failure to object to the questioning or move for a mistrial, defendant has failed to preserve this issue for appeal. Even had he done so, this argument would be without merit. While a new trial may be required when information from newspaper accounts reaches the jurors, *see State v. Reid*, 53 N.C. App. 130, 280 S.E. 2d 46 (1981), there is no evidence that any of the jurors read the article. The court's statements imparted very little information and did not relate it to this particular trial or the defendant. Moreover, we see no possible form of prejudice from the questioning nor do we see how it can be construed as a comment on the evidence.

## IV

[4] Defendant's last assignment of error is the trial court's failure to find certain statutory mitigating factors in sentencing. At the sentencing hearing, defendant submitted the results of a psychological evaluation which stated that defendant's IQ was 79 and that he was "functioning at a below average level in terms of intelligence." The report also stated that "he is below average in his ability to see causes and consequences of behaviors." Defendant argues that the report required the trial court to find the mitigating factors provided for in G.S. 15A-1340.4(a)(2)(d) and (e). We disagree.

G.S. 15A-1340.4(a)(2)(d) provides as a mitigating factor that the defendant was suffering from a "mental condition" which substantially reduced his culpability for the offense. A "mental condition," however, is defined as a mental disease or illness. *State v. Taylor*, 309 N.C. 570, 308 S.E. 2d 302 (1983). Since there is no evidence that defendant suffered from a mental disease or illness, subsection (d) is simply inapplicable.

G.S. 15A-1340.4(a)(2)(e) provides as a mitigating factor that the defendant was suffering from a "limited mental capacity" which significantly reduced his culpability for the offense. A "limited mental capacity" is defined as a low level of intelligence or IQ. *State v. Taylor, supra.* While the report is some evidence of a limited mental capacity, which reduced defendant's culpability for the offense, it does not *require* the trial court to find it as a mitigating factor.

Where the evidence in support of a mitigating factor is substantial, uncontradicted, and credible, the trial court must find it.

*State v. Milam*, 65 N.C. App. 788, 310 S.E. 2d 141 (1984). The defendant, however, bears the burden of showing that the evidence regarding the existence of the factor "so clearly establishes the fact in issue that no reasonable inference to the contrary can be drawn." *State v. Jones*, 309 N.C. 214, 219-20, 306 S.E. 2d 451, 455 (1983). The trial court's determination under G.S. 15A-1340.4(a)(2)(e) involves a two part inquiry: (1) whether the defendant suffers from a limited mental capacity (or from "immaturity"), and (2) if so, its effect on his culpability for the offense. *State v. Moore*, 317 N.C. 275, 345 S.E. 2d 217 (1986). While the report established that defendant had a below average intelligence, its statement that his level of intelligence resulted in a below average ability to determine the causes and consequences of his behavior does not clearly establish that his culpability for the offense was significantly reduced.

We find that defendant's remaining argument regarding the admissibility of his prior conviction under G.S. 8C-1, Rule 609 to be without merit.

No error.

Judges WELLS and GREENE concur.