STATE OF NORTH CAROLINA v. DONALD ARNOLD REDFERN

No. 8920SC832

(Filed 3 April 1990)

1. **Criminal Law § 400 (NCI4th) — trial court's remarks and questions — no expression of opinion**

There was no merit to defendant's contention that the trial court expressed an opinion as to the strength of the State's case and defendant's guilt by making too many remarks and posing too many questions to witnesses at trial where defendant identified over 175 questions and remarks, but none of them intimated any opinion as to defendant's guilt, and many of them took place out of the jury's presence.

**Am Jur 2d, Trial §§ 88, 91.**

2. **Criminal Law § 382 (NCI4th) — trial court's questioning of witness — clarification**

The trial court's questions to a fingerprint expert about certain fingerprints taken from several beer cans found at the victim's house clarified and promoted a better understanding of the witness's testimony and in no way amounted to an expression of opinion by the court with regard to defendant's guilt of the crimes charged.

**Am Jur 2d, Trial §§ 88, 91.**

STATE v. REDFERN

[98 N.C. App. 129 (1990)]

3. **Criminal Law § 500 (NCI4th) — juror's request to be dismissed after deliberations began — denial — no error**

The trial court did not err in refusing to grant a mistrial or set aside the verdicts where one of the jurors asked to be dismissed after the alternate jurors had already been excused and deliberations had begun, since the juror, though perhaps pressured into fulfilling his obligation to vote, was not "intimidated" or forced to vote in favor of conviction.

**Am Jur 2d, Trial § 1055.**

4. **Criminal Law § 1223 (NCI4th) — mitigating circumstances of voluntary intoxication and limited mental capacity — failure to show reduced culpability**

The trial court was not required to find voluntary intoxication or limited mental capacity as a factor in mitigation where defendant offered evidence that he was intoxicated on the night in question and that he had only fourth or fifth grade reading and writing skills, but he failed to show conclusively that either disability somehow reduced his culpability for the offenses charged.

**Am Jur 2d, Criminal Law §§ 598, 599.**

APPEAL by defendant from *Greeson, Judge.* Judgments entered 16 March 1989 in Superior Court, UNION County. Heard in the Court of Appeals 14 February 1990.

Defendant was charged in proper bills of indictment with first degree burglary in violation of G.S. 14-51, attempted second degree rape in violation of G.S. 14-27.3, and common law robbery. Evidence presented at trial tends to show that on the evening of 14 July 1989, defendant forced his way into the home of the female victim, took money from her billfold, and attempted to rape her before being scared away by the sound of a police scanner in the next room.

A jury found defendant guilty as charged. From judgments imposing prison sentences of life imprisonment for first degree burglary, ten years for attempted second degree rape and ten years for common law robbery, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Lorinzo L. Joyner, for the State.*

*John H. Painter for defendant, appellant.*

STATE v. REDFERN

[98 N.C. App. 129 (1990)]

HEDRICK, Chief Judge.

[1] Through numerous assignments of error, defendant contends the trial court erred by failing to remain fair and impartial throughout his trial. He complains that the trial court expressed an opinion as to the strength of the State's case and defendant's guilt by making too many remarks and posing too many questions to witnesses at trial. We disagree.

G.S. 15A-1222 prohibits a trial court from expressing "any opinion in the presence of the jury on any question of fact to be decided by the jury." The trial judge may, however, properly question a witness in order to clarify and promote a proper understanding of his or her testimony. *State v. Whittington*, 318 N.C. 114, 347 S.E.2d 403 (1986). Such questioning of witnesses amounts to prejudicial error only when a jury could reasonably infer that by their tenor, frequency, or persistence the questions and comments intimated an opinion as to the witnesses' credibility, the defendant's guilt, or as to a factual controversy to be resolved by the jury. *State v. Ramey*, 318 N.C. 457, 349 S.E.2d 566 (1986); *State v. Rinck*, 303 N.C. 551, 280 S.E.2d 912 (1981).

In the present case, defendant identifies over 175 questions and remarks by the trial judge and argues that the mere frequency of intervention by the court prejudiced his defense. He cites *State v. Steele*, 23 N.C. App. 524, 209 S.E.2d 372 (1972), a case in which this Court awarded the defendant a new trial after noting that the trial judge had intervened over 100 times during trial with questions or comments. The granting of a new trial in *Steele*, however, was not compelled merely by the multitude number of questions and remarks. The Court also relied on the fact that "many of the questions posed to witnesses by the trial judge went beyond an effort to obtain a proper understanding and clarification of their testimony." 23 N.C. App. at 526, 209 S.E.2d at 373. Moreover, the Court emphasized that "several of the judge's comments tended to belittle and humiliate defense counsel in the eyes of the jury" and that "the trial judge assumed the role of the solicitor in sustaining his own objections to testimony offered by the defendant." *Id.* at 526-27, 209 S.E.2d at 373-74.

Upon examination of the record on appeal, we conclude that the numerous questions and comments propounded by the trial court did not intimate any opinion as to defendant's guilt. In fact, many of the questions and remarks complained of by defend-

ant took place out of the jury's presence. This argument has no merit.

[2]  Defendant also contends the trial court erred by questioning the State's fingerprint expert about certain fingerprints taken from several beer cans found at the victim's house. Following cross-examination by defense counsel, the trial judge asked a few questions about what effect condensation on the outside of a beer can would have on any latent fingerprints. Defendant argues that this questioning was an attempt to rehabilitate the witness and "convey to the jury that the fingerprints of the Defendant/Appellant could only have been on the can of beer because the Defendant/Appellant was guilty of the crimes charged." Defendant claims that by conveying such a suggestion to the jury the trial judge failed to remain fair and impartial. In asking the disputed questions, however, we find that the trial judge merely acted to clarify and promote a better understanding of the witness' testimony. Such questions were therefore within the scope of the trial court's authority. *Whittington*, 318 N.C. 114, 347 S.E.2d 403 (1986).

[3]  Defendant next assigns as error the trial court's refusal to either grant a mistrial or set aside the verdicts where one of the jurors asked to be dismissed after the alternate jurors had already been excused and deliberations had begun. He complains that the recalcitrant juror was "intimidated" and forced to vote in favor of conviction. In support of his argument, defendant points out that the trial judge refused to allow dismissal and warned that "we will just have to deal with jurors who forsake their oath [sic] at another time and another place." Nevertheless, the court also emphasized that "[a]ll jurors are supposed to go by the evidence and the law in this case, as I have instructed them." Later, the trial court reminded the foreperson, in the jury's presence, that "[e]very juror has a conscientious responsibility to go by the evidence and the law, and that person and any person on this jury should vote according to their conscience and their evaluation of the evidence." While the reluctant juror may have been pressured into fulfilling his obligation to vote, we conclude that he was not "intimidated" or forced to vote in favor of conviction. Defendant's argument has no merit.

[4]  Finally, defendant complains the trial court erred at sentencing by failing to find two factors in mitigation and by determining that the aggravating factors outweighed the mitigating factors,

thereby justifying the maximum prison term for each offense. Defendant argues the trial court should have found as mitigating factors 1) that defendant had a limited mental capacity which reduced his culpability and 2) that he was voluntarily intoxicated when he committed the offenses charged.

To justify a trial court's finding of limited mental capacity as a mitigating factor defendant must show: (1) limited mental capacity and (2) that such lack of capacity reduced his culpability for the offense in question. *State v. Hall*, 85 N.C. App. 447, 355 S.E.2d 250, *disc. rev. denied*, 320 N.C. 515, 358 S.E.2d 525 (1987). Voluntary intoxication of a defendant may also be appropriately considered in mitigation under G.S. 15A-1340.4(a)(2) as a "mental or physical condition that was insufficient to constitute a defense but significantly reduced his culpability for the offense." *State v. Potts*, 65 N.C. App. 101, 308 S.E.2d 754 (1983), *disc. rev. denied*, 311 N.C. 406, 319 S.E.2d 278 (1984). However, defendant "bears the burden of showing that the evidence regarding the existence of . . . [either] factor 'so clearly establishes the fact in issue that no reasonable inference to the contrary can be drawn.'" *Hall*, 85 N.C. App. at 455, 355 S.E.2d at 255 (*quoting, State v. Jones*, 309 N.C. 214, 219-20, 306 S.E.2d 451, 455 (1983)). Although defendant offers evidence that he was intoxicated on the night in question and that he has only fourth or fifth grade reading and writing skills, he fails to show conclusively that either disability somehow reduced his culpability for the offenses charged. Thus, we hold that the trial court was not required to find voluntary intoxication or limited mental capacity as a factor in mitigation.

Defendant makes numerous other assignments of error which we have reviewed and find to be without merit.

Defendant had a fair trial free from prejudicial error.

No error.

Judges PHILLIPS and COZORT concur.