STATE OF NORTH CAROLINA v. ARTHUR EDMONDSON

No. 57

(Filed 27 January 1981)

1. Rape § 6.1— indictment for rape — incidents preceding intercourse — no consideration of lesser included offenses

When a defendant charged with rape admits that he had sexual intercourse with the prosecutrix, neither the State nor the defendant is entitled to have the jury consider a lesser included offense on the basis of incidents which might have preceded the sexual intercourse because the bill of indictment charging only rape does not encompass such earlier incidents but is directed only to the sexual intercourse itself. If the State contends defendant committed some other crime, such as assault, prior to the rape itself, it should file a separate indictment or add a count to the rape indictment charging this other crime.

2. Rape § 6.1— rape prosecution — admission of intercourse — submission of lesser offenses not required

Where the only dispute in a rape prosecution is whether an admitted act of sexual intercourse was accomplished by consent or by force, the lesser included

offenses of assault with intent to commit rape and assault upon a female should not be submitted to the jury.

DEFENDANT appeals from *Judge Herbert Small* presiding at the 31 March 1980 Criminal Session of NASH Superior Court. Upon pleas of not guilty defendant was tried and convicted of first degree rape, crime against nature, and kidnapping. He was sentenced to life imprisonment on the rape conviction, ten years on the crime against nature conviction, and not less than thirty nor more than fifty years on the kidnapping conviction. Defendant appeals from the rape conviction pursuant to G.S. 7A-27(a). Although defendant has abandoned all assignments of error as to his crime against nature and kidnapping convictions these cases are before this Court pursuant to his motion to bypass the Court of Appeals.[1]

*Rufus L. Edmisten, Attorney General, by Guy A. Hamlin, Assistant Attorney General, for the state.*

*Ralph G. Willey III Attorney for defendant appellant.*

EXUM, Justice.

The sole question presented by defendant's appeal is whether the trial court, in submitting to the jury the offense of rape, erred by not also submitting the lesser included offenses of assault with intent to commit rape and assault upon a female. Defendant contends that failure to submit the lesser included offenses was prejudicial error. We do not agree, and find no error.

The state's evidence consists essentially of the testimony of prosecuting witness Brenda Wilkins. She testified that on 3 October 1979 she was working as night auditor at the Imperial 400 Motel in Enfield. Shortly after 2:00 a.m. defendant, whom she had never seen before, came in and asked to register. Thereafter he came behind the counter, grabbed Ms. Wilkins around the neck and, after brandishing a straight razor, forced her to walk from the lobby to room 125 wherein they engaged in sexual intercourse. Although she did not see the razor after entering the room, Ms. Wilkins testified that she was "scared" and that she engaged in sexual intercourse because she feared defendant would harm her if

---

[1] Motion to bypass allowed 10 July 1980. Defendant has presented only one question in his brief and it relates to his rape conviction. Thus under App. R. 28(a) all other assignments of error "are deemed abandoned."

she refused. She gave defendant her telephone number at his request because she "hoped that he would leave me alone and hoped he would forget it." Defendant informed Ms. Wilkins that he would contact her by telephone and arrange a subsequent date. Upon being released Ms. Wilkins, crying and in hysterics, ran to the lobby, locked the door and called the County Sheriff's Department. After talking with the police she went to the hospital and then to her home. Defendant called her the following afternoon to arrange a date. Ms. Wilkins, after conferring with the police, made the date. When defendant kept it he was immediately arrested.

Defendant, testifying in his own behalf, conceded the sexual encounters but claimed that they were with the consent of Ms. Wilkins. Defendant testified that he had known the prosecuting witness since July 1979, and that he went to the motel at her request. He further testified that Ms. Wilkins was angry at his refusal to pay her $35.00 after their sexual relations and at his contemplated reconciliation with his wife. An argument ensued and defendant left the motel. Ms. Wilkins called the next day to apologize and arrange a date. He kept the date and was arrested.

Defendant contends that the trial court erred by not submitting to the jury the lesser included offenses of assault with intent to commit rape and assault upon a female. This Court held in *State v. Bryant*, 280 N.C. 551, 187 S.E. 2d 111 (1972), *cert. denied*, 409 U.S. 995 (1972), that where all the evidence reveals a completed act of sexual intercourse and the only dispute is whether the act was accomplished by consent or by force, the lesser included offenses of assault with intent to commit rape and assault upon a female need not be submitted to the jury. This is because lesser included offenses must be submitted only where there is evidence to support them. *State v. Watson*, 283 N.C. 383, 196 S.E. 2d 212 (1973); *State v. Bryant, supra.* Where the only dispute is whether an admitted act of sexual intercourse was accomplished by consent or by force there is no evidence of assault with intent to commit rape or assault upon a female; hence it is firmly established that these lesser included offenses need not be submitted to the jury.[2] *State v. Armstrong*, 287

---

[2] To convict one of assault with intent to commit rape the state must prove (1) an assault by a male upon a female (2) with the intent to have sexual intercourse with her "at all events against her will and notwithstanding any resistance she may make." *State v. Overcash*, 226 N.C. 632, 634, 39 S.E. 2d 810, 811 (1946). To convict one of assault upon a female the state must prove (1) an assault (2) upon a female person

N.C. 60, 212 S.E. 2d 894 (1975), *death sentence vacated,* 428 U.S. 902 (1976); *State v. Vick,* 287 N.C. 37, 213 S.E. 2d 335 (1975), *cert. dismissed,* 423 U.S. 918 (1975); *State v. Arnold,* 284 N.C. 41, 199 S.E. 2d 423 (1973); *State v. Bynum* 282 N.C. 552, 193 S.E. 2d 725 (1973), *cert. denied,* 414 U.S. 869 (1973).

**[1]** Defendant concedes the applicability of *State v. Bryant, supra,* and its progeny, but urges this Court to reconsider these decisions before deciding the present case. Specifically, he asks this Court to adopt former Chief Justice Bobbitt's dissenting opinion in *State v. Bryant, supra.* It was Chief Justice Bobbitt's view that the consent of the prosecuting witness to the sexual act "would not preclude a finding that, *earlier in their relationship,* the defendant had assaulted the prosecutrix with the intent to gratify his passion on her notwithstanding any resistance she might make." *State v. Bryant, supra,* 280 N.C. at 560, 187 S.E. 2d at 116. (Emphasis supplied.) In other words, a defendant may assault a prosecuting witness with intent to commit rape only to find a willing participant or one who after initial resistance freely consents. Chief Justice Bobbitt, therefore, would have required submission of the lesser included offense of assault with intent to commit rape on the basis of incidents which might have preceded the sexual intercourse.[3] When a defendant charged with rape admits that he had sexual intercourse, we believe the better view to be that neither the state nor the defendant is entitled to have the jury consider a lesser included offense on the basis of incidents which might have preceded the sexual intercourse because the bill of indictment charging only rape does not encompass such earlier incidents. It is directed only to the sexual intercourse itself. On the *rape* indictment, the question of whether defendant is guilty of some crime which might have preceded the sexual intercourse simply does not arise. If the state contends defendant committed some other crime, such as assault, prior to the

by a male person. *State v. Craig,* 35 N.C. App. 547, 241 S.E. 2d 704 (1978). Where a defendant admits to engaging in sexual intercourse but contends that it was with the consent of the prosecuting witness there is, nothing else appearing, evidence neither of an assault upon a female nor of an assault with intent to commit rape. Accordingly, in such cases submission of these offenses is not required since there is no evidence to support them.

[3] We note in this regard that Justice Sharp (later Chief Justice), after joining Chief Justice Bobbitt's dissent in both *State v. Bryant, supra,* and *State v. Arnold, supra,* later abandoned this position and joined the majority opinion in *State v. Armstrong, supra.*

rape itself, it should file a separate indictment or add a count to the rape indictment charging this other crime.

[2] Consequently we affirm our earlier decisions and hold that where the only dispute is whether an admitted act of sexual intercourse was accomplished by consent or by force the lesser included offenses of assault with intent to commit rape and assault upon a female should not be submitted to the jury.

No error.