STATE OF NORTH CAROLINA v. WILLIAM WALKER

No. 869SC754

(Filed 3 March 1987)

**1. Rape and Allied Offenses § 3— second degree rape—indictment proper**

·An indictment for second degree rape was not fatally defective where it stated the name of defendant, the date of the offense, the county in which the offense took place, and that defendant "unlawfully, willfully and feloniously did ravish and carnally know [the victim], a female person, by force and against her will." N.C.G.S. 15-144.1(a).

**2. Rape and Allied Offenses § 5; Kidnapping § 1.2— conviction for both crimes— restraint not element of rape**

In a prosecution for rape and kidnapping the restraint of the victim was not an element of the crime of rape and defendant could properly be convicted of both where defendant, after threatening the victim with physical harm and forcing her back into his car, drove the car to a more secluded area behind a church building before committing the rape, though he could have perpetrated the crime when he first stopped the car, thus taking greater precautions to prevent others from witnessing or hindering his crimes.

**3. Rape and Allied Offenses § 5; Kidnapping § 1.2— rape used to raise kidnapping to first degree—conviction for both crimes improper**

Since the rape was used to raise the kidnapping to first degree in this case, defendant was convicted more than once for the same offense in violation of the prohibition against double jeopardy where he was convicted of second degree rape and first degree kidnapping.

State v. Walker

4. Jury § 7.13— peremptive challenges—number based on number of defendants
        The trial court did not err in refusing to enlarge the number of
    defendant's peremptive challenges after consolidating rape and kidnapping
    charges for trial, since peremptive challenges are allotted to a defendant on
    the basis of the number of defendants and not the number of charges against
    any one defendant.

APPEAL by defendant from *Hobgood, Judge.* Judgments entered 19 July 1984 in Superior Court, PERSON County. Heard in the Court of Appeals 16 December 1986.

Defendant was tried on indictments charging him with rape and kidnapping.

The State's evidence tended to show that on 17 March 1984 defendant offered to drive the fifteen-year-old victim and her girl friend home from the Desert Sand, a night club catering to minors. After leaving the girl friend with her brother, defendant proceeded, over the victim's protests, to drive into the country, stopping at the Cedar Grove Church, where he ordered the victim to "put out or get out." The victim refused defendant's demands and exited the car. She was ordered by defendant to reenter the car and complied only after defendant threatened to harm her. Defendant drove the car around for five to ten minutes finally stopping behind a church building, where he forcibly undressed and raped the victim. Defendant then took the victim home, where she notified her parents and police of the rape.

Defendant was subsequently indicted for rape and kidnapping. After consolidation of the two charges for trial, defendant was tried by a jury, convicted of second-degree rape and first-degree kidnapping, and sentenced to a twelve year term for each charge, with sentences to run concurrently.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James Peeler Smith, for the State.*

*Mark Galloway for defendant-appellant.*

ORR, Judge.

I.

[1]  Defendant brings forward three assignments of error. First, he contends the indictment for second-degree rape failed to state

the necessary elements of the crime and was, therefore, fatally defective.

N.C.G.S. § 15-144.1(a) specifically authorizes a "short form" indictment for the crime of rape and provides as follows:

> In indictments for rape it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the offense of rape was allegedly committed, and . . . it is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will. . . . Any bill of indictment containing the averments and allegations herein named shall be good and sufficient in law as an indictment for rape in the first degree and will support a verdict of guilty of rape . . . in the second degree.

In enacting N.C.G.S. § 15-144.1, the legislature eliminated the requirement that every element to be proven at trial must be alleged in the indictment. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978). In *Lowe* the Supreme Court determined that such an indictment was constitutional if it permitted the defendant to prepare a defense and to be protected from subsequent prosecution for the same offense. *Lowe*, 295 N.C. 596, 247 S.E. 2d 878.

The indictment, which defendant contends was fatally defective, stated the name of the defendant, the date of the offense, and the county in which the offense took place. The body of the indictment said that "[t]he jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did ravish and carnally know, [the victim], a female person, by force and against her will."

This indictment meets the criteria specified in N.C.G.S. § 15-144.1 for a proper indictment for rape. And because second-degree rape is a lesser included offense of first-degree rape, the indictment was sufficient to allow defendant to prepare a defense and to be protected from double jeopardy. For the above reasons, this Court finds no error in the indictment.

## II.

[2]   Defendant next assigns as error the trial court's refusal to dismiss the charge of kidnapping, because the restraint of the victim, upon which the charge was based, was an element of the crime of rape.

Although some restraint is inherent in the crime of forced rape, "the restraint, confinement and asportation of a rape victim may constitute kidnapping if it is a separate, complete act, independent of and apart from the rape." *State v. Silhan*, 297 N.C. 660, 673, 256 S.E. 2d 702, 710 (1979).

Asportation of a rape victim is sufficient to support a charge of kidnapping if the defendant could have perpetrated the offense when he first threatened the victim, and instead, took the victim to a more secluded area to prevent others from witnessing or hindering the rape. Such asportation is separate and independent of the rape, is removal for the purpose of facilitating the felony of rape, and is, therefore, kidnapping pursuant to N.C.G.S. § 14-39. *State v. Whittington*, 318 N.C. 114, 347 S.E. 2d 403 (1986); *State v. Tucker*, 317 N.C. 532, 346 S.E. 2d 417 (1986); *State v. Newman and State v. Newman*, 308 N.C. 231, 302 S.E. 2d 174 (1983).

The facts in the instant case show that defendant, after threatening the victim with physical harm and forcing her back into the car, drove the car to a more secluded area, in back of one of the church buildings, before committing the rape. Defendant could have perpetrated the crime when he first stopped the car, but instead decided to take greater precautions to prevent others from witnessing or hindering his crimes. This additional action on defendant's part was sufficient to prevent dismissal of the kidnapping charge.

[3]   Although not raised by defendant as a defense to the conviction for first-degree kidnapping, the record discloses that the trial court instructed the jury that it could find defendant guilty of first-degree kidnapping, if it found, in addition to the elements set forth in N.C.G.S. § 14-39(a), that the victim had been sexually assaulted before being released. Based on these instructions the jury returned a verdict of guilty of first-degree kidnapping. However, in *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35 (1986), the Supreme Court held that the legislature did not intend a defend-

ant to be convicted and punished for both first-degree kidnapping and the underlying sexual assault.

In this case there was only one sexual assault, the second-degree rape, which could have formed the "sexual assault" element of the first-degree kidnapping conviction. Since the rape was used to raise the kidnapping to first-degree in this case, defendant was convicted more than once for the same offense in violation of the prohibition against double jeopardy. *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35; *State v. Belton*, 318 N.C. 141, 347 S.E. 2d 755 (1986).

Therefore, this case must be remanded to the trial court for a new sentencing hearing. *State v. Freeland*, 316 N.C. 13, 340 S.E. 2d 35. The trial court may arrest judgment on the first-degree kidnapping conviction and resentence defendant for second-degree kidnapping, or it may arrest judgment on the second-degree rape conviction.

## III.

**[4]** Defendant, in his third assignment of error, contends that the trial court erred in refusing to enlarge the number of defendant's peremptory challenges after consolidating the rape and kidnapping charges for trial.

*State v. Boyd*, 287 N.C. 131, 214 S.E. 2d 14 (1975), states clearly that peremptory challenges are alloted to a "defendant on the basis of the number of defendants and not the number of charges against any one defendant. . . . [W]hen two or more indictments for the same offense are consolidated, they are to be treated as separate counts of the same bill." 287 N.C. at 139, 214 S.E. 2d at 19.

This Court concludes defendant's argument is without merit, and finds no error.

Other than the violation of the prohibition against double jeopardy, as noted above, this Court finds no error in the trial of this case. For the reasons stated, this case is remanded to the trial court for a new sentencing hearing in conformity with our instructions.

Remanded for a new sentencing hearing.

Judges ARNOLD and PHILLIPS concur.