STATE OF NORTH CAROLINA v. TRAVIS BERNARD THOMAS, Defendant

NO. COA08-515

(Filed 5 May 2009)

**1. Rape— assault on female as lesser alternate charge—instruction denied**

The trial court in a prosecution for rape and kidnapping correctly denied a request for an instruction on assault on a female as a lesser alternative charge to first degree rape as provided under N.C.G.S. § 15-144.1, under which defendant was indicted. The conduct on which defendant relied occurred during the kidnapping rather than the rape; the statute does not provide that the short form indictment is sufficient to support convictions on events not directly related to the rape.

**2. Kidnapping— second degree—evidence sufficient**

There was sufficient evidence of second degree kidnapping where defendant threatened the victim with a gun while she was in his car; grabbed her and pulled her back into the car when she tried to escape, spraying her with mace; drove her away from her car and children and told her that he had his hand on a rifle's trigger and would kill her if she tried to jump out; stopped the car and again forced her into the car at gunpoint when she jumped; and drove to a secluded, wooded area where he raped her. Additionally, the jury could have concluded that defendant deceived the victim into voluntarily going with him by telling her he had something important to show her, which is sufficient for a conviction of kidnapping.

Judge ELMORE concurring in the result.

Appeal by defendant from judgments entered 15 November 2007 by Judge Paul L. Jones in Greene County Superior Court. Heard in the Court of Appeals 8 October 2008.

*Attorney General Roy Cooper, by Special Deputy Attorney General Joyce S. Rutledge, for the State.*

*Robert W. Ewing for defendant-appellant.*

GEER, Judge.

Defendant Travis Bernard Thomas appeals from the judgments and commitments imposing sentences for second degree kidnapping

and first degree rape. Defendant primarily argues on appeal that the trial court should have instructed the jury on the offense of assault on a female as a lesser alternative charge to first degree rape as provided in N.C. Gen. Stat. § 15-144.1 (2007). Because the conduct that defendant relies upon as supporting a charge of assault on a female is unrelated to the conduct that gave rise to the first degree rape charge, we hold that the trial court properly, under N.C. Gen. Stat. § 15-144.1, declined to instruct the jury regarding assault on a female.

<u>Facts</u>

The State's evidence tended to show the following facts. From 2000 to 2006, defendant was romantically involved with "Jane" while both lived in Wilson, North Carolina.[1] In April or May 2006, the two ended their romantic relationship, and defendant moved to Georgia. According to Jane, she broke up with defendant because of his tendency to "date other women" and her realization that she "could do better." Between April 2006 and 20 November 2006, Jane spoke with defendant five or six times on the phone. Jane reported that the communication "wasn't hostile, but it wasn't pleasant either."

In November 2006, defendant made a visit to North Carolina to see his mother. In early November, defendant and Jane had dinner, but Jane did not want to see him again although defendant made frequent phone calls to her while he was still in North Carolina. On 20 November 2006, defendant called Jane on her cell phone and told her that he had something "really important" to show her before he returned to Atlanta. When Jane told him that she was on her way home with her son and nephew, he told her that he would meet her at her house.

Defendant arrived a little after 9:00 p.m. Jane agreed to accompany him to see what he wanted to show her, but only if she could bring the two boys with her because they had not spent any time together that day. She expected to return home within 20 to 30 minutes and left wearing her bedroom slippers.

Jane followed defendant's car in her own. She noticed that defendant was driving further and further into the countryside. Because she was becoming concerned about the distance, she used her cell phone to call defendant's cell phone and ask where they were going. She got his voice mail, but he called her back and told her that

---

1. We use the pseudonym "Jane" to protect the privacy of the prosecuting witness.

they were "almost here" and immediately turned into an abandoned area with an older house and several barns. Defendant told Jane that the farm had belonged to his grandmother, that he had grown up on it, and that he had recently purchased it.

Defendant then convinced Jane to get into his car where they talked for a while. Defendant told Jane, "I just want to know what we are." She replied, "We are friends. If the Lord decides to do something different, you know, intervene and [to] change things, then fine. But, right now, I think it's best for us just to be friends." He responded, "See. That's all I wanted. I just wanted you to be honest with me." Defendant then told her that he had "got something" for her "in case [they did not] see [each other] again."

Defendant went to his trunk and retrieved an object wrapped in a blue blanket. After he got back into the car, he told Jane, "Turn your head to the left side and count to 20." She replied, "What? You done lost your mind." He urged her, saying "I'm going to surprise you. I'm going to surprise you." Jane testified that she heard something click and asked defendant if he had a gun inside the blanket. He denied it, saying that he was afraid of guns. After she heard another click, Jane grabbed the blanket and felt the barrel of a gun.

At that point, Jane tried to escape from the car, but defendant sprayed her with mace and drove off, leaving the two boys alone in Jane's car. The boys saw that defendant had driven off while Jane was trying to get out of the car—her feet were initially being dragged along the road. Jane's son called his father, Dwight Joyner. Joyner set out to find the boys and called 911 twice to summon the police.

Jane asked defendant what he was doing, and he responded: "Shut the fuck up. Shut up. Shut up. I'm so damn tired of you. Now, I'm in control. I'm in damn control now. Shut the fuck up." Jane begged defendant not to kill her. He replied, "Shut up. . . . [Jane], you jump out of the car, I got my hand on the trigger. I will kill you." She pled with him some more, asking him to think of her son, her nephew, defendant's daughters, and their pastor.

Jane then jumped out of defendant's car while it was still moving. She suffered a number of injuries to her head, foot, knees stomach, and arms from hitting the road. Defendant stopped the car, put a rifle to her head, and threatened, "If you holler, I'll kill you." He then dragged her back to the car, scraping her stomach raw, and put her back inside. He drove to a secluded, wooded area and told her to pull

her pants down. She said that she could not move, so he removed her pants and got on top of her. He then had sexual intercourse with her. Jane was unable to push him off because her arm was injured.

After defendant finished, he said, "Man, see. It wasn't supposed to go down like this, man. It wasn't supposed to go down like this." Jane asked him to take her back to the boys so that they could go to the emergency room, and she promised not to tell anybody about the rape. Defendant explained that the road they were on was a loop and started driving again. As they went around the loop, she saw flashing lights and realized that the boys had turned on the hazard lights and that she was near her car. She again jumped out of defendant's car and ran to her own. Defendant then drove off.

Jane tried to drive back to her house, but had trouble seeing because the mace was still burning her eyes. As Jane was trying to drive home, they encountered Joyner, her son's father. The police and emergency medical technicians met Jane at her house and took her to the emergency room. Jane reported that defendant had raped her. Officers could smell the odor of mace on Jane. When inspecting the crime scene, officers found Jane's bedroom slippers in the middle of the road.

The next day, defendant contacted the Sheriff's Department in Wilson County to ask whether there were any warrants for his arrest. He told Detective Williams that he had raped someone, "but it wasn't like that." He ultimately gave a voluntary statement to the Greene County Sheriff's Department that same day in which he admitted many of the events described by Jane, but claimed that they had consensual sex. Defendant acknowledged, however, that Jane had injured herself when jumping out of his car and that he had asked if she wanted to go to the emergency room.

The SBI seized defendant's car and collected a .22 rifle, an empty .22 ammunition box, duct tape, handcuffs, binoculars, and handwritten letters. In one letter, defendant wrote: "You have done played with my feelings long enough. Now it's time for payback." Defendant also wrote: "I have taken enough shit from you, and this is the last straw. I know people will be shocked and hurt, but I can't take someone playing games with me and my feelings." He ended by saying that he was "[s]orry" to his parents, siblings, Jane's mother, Jane's son, and Jane's nephew.

Defendant was indicted for first degree kidnapping and first degree rape. At trial, defendant testified on his own behalf, asserting

that the sexual intercourse was consensual. He admitted that he removed a rifle from his trunk, wrapped it in a blue blanket, and moved it to the back seat, but claimed that he never displayed it to Jane. He testified that his can of pepper spray "went off by accident." On cross-examination, the prosecutor asked, "So how did you get consensual sex out of somebody who had a broken arm, a stomach that was ripped up, a knee that had injuries on it, feet that had injuries . . . ?" Defendant explained that he only knew that Jane's arm was hurting and that her eyes were watering from the mace; he learned about her other injuries later. He explained: "There was never no pushing, no, 'Get off me,' screaming. It's the same way we've been having sex. The difference is at that particular night her arm was hurting." He added: "She didn't say no."

The jury convicted him of first degree kidnapping and first degree rape. The trial court sentenced defendant to a presumptive-range sentence of 216 to 269 months for the first degree rape conviction. The trial court arrested judgment on the first degree kidnapping charge and sentenced defendant for second degree kidnapping to a consecutive presumptive-range sentence of 24 to 38 months. Defendant timely appealed to this Court.

I

[1] Defendant first argues that the trial court erred by denying his request that the court instruct the jury on the lesser alternative offense of assault on a female. Defendant acknowledges that assault on a female is not a lesser included offense of rape. *See State v. Herring*, 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988) ("We, therefore, conclude that assault on a female is not a lesser included offense of rape, because assault on a female contains elements not present in the greater offense of rape."). Defendant argues, however, that he was entitled to an assault on a female instruction by virtue of N.C. Gen. Stat. § 15-144.1.

The State, in charging defendant with first degree rape, used a short form indictment pursuant to N.C. Gen. Stat. § 15-144.1, which provides that an indictment pursuant to that statute is sufficient to charge not only first degree rape, but also second degree rape, attempted rape, or the lesser alternative charge of assault on a female. The effect of N.C. Gen. Stat. § 15-144.1 is that, even if the conduct that is the subject of the indictment is not sufficient to constitute rape, the State may still obtain a conviction, with respect to that conduct, for assault on a female.

In this case, defendant did not dispute that vaginal intercourse occurred, but claimed that it was consensual. On appeal, defendant contends that the jury could reasonably have believed that the intercourse was consensual, but still have found him guilty of assault on a female based on (1) his threat, while holding a rifle, to kill Jane if she left his vehicle; (2) his spraying mace in Jane's face; and (3) his dragging Jane back to his vehicle when she attempted to escape. Defendant's reasoning is, however, flawed because the short-form indictment related to one set of actions—defendant "unlawfully, willfully, and feloniously did ravish and carnally know [Jane] by force and against the victim's will"—while defendant's evidence of assault on a female involves conduct not the subject of the indictment. That conduct occurred during the course of Jane's kidnapping, but not during the "carnal[] know[ing]."

N.C. Gen. Stat. § 15-144.1 cannot reasonably be read to provide that the short-form rape indictment is sufficient to support a conviction based on events not directly relating to the alleged rape. While, in this case, such a reading would benefit the defendant, it would raise serious notice concerns if the State, unable to prove rape or attempted rape, could nonetheless obtain a conviction for an uncharged assault occurring before or after the sexual encounter.

This conclusion is supported by this Court's decision in *State v. Jeffries*, 57 N.C. App. 416, 291 S.E.2d 859, *appeal dismissed and disc. review denied*, 306 N.C. 561, 294 S.E.2d 374 (1982). Although this Court, in *Jeffries*, did not specifically address the short-form indictment statute, the Court addressed an argument identical to the one made here. In *Jeffries*, the defendant had been indicted for and convicted of second degree rape. At the time of the *Jeffries* decision, our Supreme Court had not yet held that assault on a female is not a lesser included offense of rape. Thus, the procedural posture in *Jeffries* was the same as the one here: the indictment for rape could support the submission of the charge of assault on a female as a lesser included offense of rape.

The defendant in *Jeffries* contended at trial that the sexual intercourse had been consensual. On appeal, the defendant argued that "two sets of occurrences" during the incident at issue could arguably have supported a verdict of assault on a female. *Id.* at 418, 291 S.E.2d at 860. "The first set of occurrences consist[ed] of defendant's wrestling with [the victim], kissing her, and pressing his body on hers." *Id.* This Court identified the question as to the first set of

occurrences as "whether the evidence of these' occurrences, coupled with defendant's evidence that [the victim] consented to having intercourse with defendant, is evidence of the lesser included offense of assault on a female." *Id.*

In rejecting the defendant's contention that this evidence supported submission of assault on a female to the jury, the Court reasoned:

> Assault is a requisite element of assault on a female, and is defined as an overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another, which show of force or menace of violence must be sufficient to put a person of reasonable firmness in fear of immediate bodily harm. Although defendant's wrestling, kissing, and pressing himself against another without that other's consent may constitute assault, when such acts are merely the preliminaries to consensual sexual intercourse they can hardly suffice as an overt act of force and violence to do harm to another sufficient to put a reasonable person in fear of bodily harm. In the present case, the occurrences portrayed by defendant's evidence involve nothing more than consensual contact between [the victim] and defendant, prior to their act of intercourse; such contact could not constitute assault. The evidence under consideration presents a situation in which the jury could not reasonably find that defendant's intercourse with [the victim] was consensual and therefore that he did not commit the offense charged in the indictment, but that he did commit the lesser included offense of assault on a female; hence, with respect to the first set of circumstances, it was not error to withdraw the lesser included offense from the jury's consideration.

*Id.*, 291 S.E.2d at 860-61 (internal citations omitted).

The Court then turned to the defendant's second set of circumstances: "that defendant hit [the victim] in the face while trying to have intercourse with her after she hit him." *Id.* at 419, 291 S.E.2d at 861. The Court stated that "[t]he question this set of circumstances poses is whether defendant's evidence that he had consensual sexual intercourse with [the victim] and that he hit her after she hit him constitutes evidence of the lesser included offense of assault on a female." *Id.*

With respect to this evidence, the Court held:

"[O]ffenses are not the same if, upon the trial of one, proof of an additional fact is required which is not necessary to be proven in the trial of the other . . . ." *State v. Freeman*, 162 N.C. 594, 596, 44 S.E. 780, 781 (1913). The circumstances presently under consideration constitute evidence that defendant committed two separate and distinct offenses. First, there was evidence tending to show his commission of second degree rape, which, according to G.S. § 14-27.3, is vaginal intercourse with another person by force and against the will of that other person; second, there was evidence that defendant committed an assault on a female completely independent of and distinct from, as opposed to being inherent in and incident to, his forceful intercourse with [the victim] against her will. Proof of the assault on a female required evidence which was not necessary to the proof of second degree rape, to wit, evidence that defendant hit [the victim] while having intercourse with her; in its proof of second degree rape, the State did not need to rely on this evidence of defendant's blow to [the victim], since there was ample evidence that he had used other forceful measures to subdue [the victim] and subject her to intercourse against her will. In fact, defendant's own testimony was that he did not hit [the victim] until he was already having intercourse with her. Hence, the evidence under consideration is of two distinct offenses involving distinct occurrences, and is not of a greater offense and a lesser included offense.

*Id.* at 419-20, 291 S.E.2d at 861.

The Court pointed out that defendant had only been indicted for second degree rape "and not for any distinct offense, arising from another set of acts, of assault on a female." *Id.* at 420, 291 S.E.2d at 861. The Court stressed: " 'It is essential to jurisdiction that a criminal offense be charged in the warrant or indictment upon which the State brings the defendant to trial.' " *Id.*, 291 S.E.2d at 861-62 (quoting *State v. Vestal*, 281 N.C. 517, 520, 189 S.E.2d 152, 155 (1972)). The Court then concluded that "[s]ince there was no indictment for the separate offense of assault on a female, the court did not err in withdrawing such offense from the jury's consideration of possible verdicts." *Id.*

*Jeffries* is consistent with the Supreme Court's opinion in *State v. Edmondson*, 302 N.C. 169, 273 S.E.2d 659 (1981). In *Edmondson*, our Supreme Court held:

[W]here all the evidence reveals a completed act of sexual intercourse and the only dispute is whether the act was accomplished by consent or by force, the lesser included offenses of assault with intent to commit rape and assault upon a female need not be submitted to the jury. This is because lesser included offenses must be submitted only where there is evidence to support them. Where the only dispute is whether an admitted act of sexual intercourse was accomplished by consent or by force there is no evidence of assault with intent to commit rape or assault upon a female; hence it is firmly established that these lesser included offenses need not be submitted to the jury.

*Id.* at 171, 273 S.E.2d at 660 (internal citations omitted).

The defendant, in *Edmondson,* argued, however, not unlike the defendant in this case, that he was entitled to a charge of the lesser offense of assault with intent to commit rape "on the basis of incidents which might have preceded the sexual intercourse." *Id.* at 172, 273 S.E.2d at 661. In rejecting this argument, the Court reasoned:

When a defendant charged with rape admits that he had sexual intercourse, we believe the better view to be that neither the state nor the defendant is entitled to have the jury consider a lesser included offense on the basis of incidents which might have preceded the sexual intercourse because the bill of indictment charging only rape does not encompass such earlier incidents. It is directed only to the sexual intercourse itself. On the *rape* indictment, the question of whether defendant is guilty of some crime which might have preceded the sexual intercourse simply does not arise. If the state contends defendant committed some other crime, such as assault, prior to the rape itself, it should file a separate indictment or add a count to the rape indictment charging this other crime.

*Id.* at 172-73, 273 S.E.2d at 661. The Court then flatly held: "[W]here the only dispute is whether an admitted act of sexual intercourse was accomplished by consent or by force the lesser included offenses of assault with intent to commit rape and assault upon a female should not be submitted to the jury." *Id.* at 173, 273 S.E.2d at 661. *See also State v. Davis,* 291 N.C. 1, 13, 229 S.E.2d 285, 293 (1976) ("[T]he rule has been in prosecutions for rape that when all the evidence tends to show a completed act of intercourse and the only issue is whether the act was the prosecuting witness's consent or by force and against her

will, it is not proper to submit to the jury lesser offenses included within a charge of rape.").

We hold that *Edmondson* and *Jeffries* are controlling in this case. The reasoning in those two cases applies with equal force whether the offense of assault on a female is considered a lesser included offense or a lesser alternative offense.

The concurring opinion asserts that this reasoning "forecloses the use of § 15-144.1 to support any conviction for assault on a female, which renders that portion of § 15-144.1 a nullity." The concurring opinion then explains its position more specifically: "The majority opinion appears to foreclose the possibility of using a short form rape indictment to support a conviction for assault on a female when intercourse with the victim is consensual, but any attendant violence against the victim is not."

The fact that a lesser charge of assault on a female would not be available when a defendant asserts that the intercourse was consensual does not, however, nullify the reference in N.C. Gen. Stat. § 15-144.1 to assault on a female. A jury could find a defendant not guilty of rape based on evidence that defendant's penis had not vaginally penetrated the victim. *See* N.C. Gen. Stat. § 14-27.2 (2007) (specifying that first degree rape requires "vaginal intercourse"); N.C. Gen. Stat. § 14-27.3 (2007) (specifying that second degree rape requires "vaginal intercourse"); *State v. Watson*, 179 N.C. App. 228, 247, 634 S.E.2d 231, 243 (2006) ("Vaginal intercourse is defined as 'the slightest penetration of the female sex organ by the male sex organ.' " (quoting *State v. Brown*, 312 N.C. 237, 244-45, 321 S.E.2d 856, 861 (1984))), *disc. review denied*, 361 N.C. 437, 649 S.E.2d 896 (2007). A defendant contending that no penetration occurred could, depending on the precise nature of the evidence, seek instructions on the lesser offenses of attempted rape or assault on a female. Under those circumstances, there would be evidence of "lesser offenses embraced within the indictments" warranting submission to the jury of those offenses. *State v. Bynum*, 282 N.C. 552, 557, 193 S.E.2d 725, 728, *cert. denied*, 414 U.S. 836, 869, 38 L. Ed. 2d 72, 116, 94 S. Ct. 182 (1973). Accordingly, the result in this case does not "nullify" any portion of N.C. Gen. Stat. § 15-144.1.

In this case, in support of his argument that a jury could reasonably have found defendant not guilty of rape, but guilty of assault on a female, defendant points, on appeal, only to conduct unrelated to the sexual intercourse that was the subject of the rape indictment.

Indeed, the conduct in this case—threatening Jane with a rifle if she left the car, macing her, and dragging her back to the car after an escape attempt—was even less connected to the charged rape than in *Jeffries*, where the defendant hit the victim during the sexual intercourse. None of the incidents relied upon by defendant on appeal were necessary for the State to obtain a conviction for rape and, therefore, as in *Edmondson* and *Jeffries*, in the absence of a separate indictment for assault on a female, the trial court did not err in refusing to instruct the jury on the offense of assault on a female.

## II

**[2]** Defendant next argues that the trial court erred by denying his motion to dismiss the kidnapping charge for insufficient evidence.

> "Our review of the trial court's denial of a motion to dismiss is well understood. [W]here the sufficiency of the evidence . . . is challenged, we consider the evidence in the light most favorable to the State, with all favorable inferences. We disregard defendant's evidence except to the extent it favors or clarifies the State's case. When a defendant moves for dismissal, the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion."

*State v. Hinkle*, 189 N.C. App. 762, 766, 659 S.E.2d 34, 36-37 (2008) (quoting *State v. Dexter*, 186 N.C. App. 587, 594-95, 651 S.E.2d 900, 905 (2007), *disc. review denied*, 362 N.C. 178, 658 S.E.2d 658 (2008)).

A person is guilty of second degree kidnapping if, in addition to certain other elements, he is found to have "unlawfully confine[d], restrain[ed], or remove[d] from one place to another, any other person 16 years of age or over without the consent of such person[.]" N.C. Gen. Stat. § 14-39 (2007). Defendant points to *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978), in which our Supreme Court stated:

> It is self-evident that certain felonies (*e.g.*, forcible rape and armed robbery) cannot be committed without some restraint of the victim. We are of the opinion, and so hold, that G.S. 14-39 was not intended by the Legislature to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant

for both crimes. To hold otherwise would violate the constitutional prohibition against double jeopardy. Pursuant to the above mentioned principle of statutory construction, we construe the word "restrain," as used in G.S. 14-39, to connote a restraint separate and apart from that which is inherent in the commission of the other felony.

Defendant argues that, in this case, the State failed to prove that defendant restrained the victim beyond the restraint inherent in the commission of first degree rape.

This Court has explained:

In determining whether the restraint is sufficient for a kidnapping charge: The court may consider whether the defendant's acts place the victim in greater danger than is inherent in the other offense, or subject the victim to the kind of danger and abuse that the kidnapping statute was designed to prevent. The court also considers whether defendant's acts cause additional restraint of the victim or increase the victim's helplessness and vulnerability.

*State v. Simpson*, 187 N.C. App. 424, 432, 653 S.E.2d 249, 254 (2007) (internal quotation marks omitted). Moreover, "[a]sportation of a rape victim is sufficient to support a charge of kidnapping if the defendant could have perpetrated the offense when he first threatened the victim, and instead, took the victim to a more secluded area to prevent others from witnessing or hindering the rape." *State v. Walker*, 84 N.C. App. 540, 543, 353 S.E.2d 245, 247 (1987).

Here, defendant threatened the victim with a gun while she was in his car. Then, when she tried to escape, he grabbed her and pulled her back into the car and sprayed her in the face with mace. He drove her away from her car and children and told her that if she tried to jump out, he had his hand on the rifle's trigger and he would kill her. When she jumped out, he stopped the car and again forced her back into the car at gunpoint. He drove to a secluded, wooded area and, only then, committed the rape.

This evidence is sufficient to establish that defendant confined, restrained, or removed the victim from one place to another place independent of the restraint required to undertake the rape. *See, e.g., State v. Oxendine*, 150 N.C. App. 670, 676, 564 S.E.2d 561, 565 (2002) ("Defendant's act of forcing [the victim] to the bedroom at knifepoint in order to prevent her children from either witnessing or hindering the intended rape constituted a separate act and properly supports

the charge of first or second-degree kidnapping."), *disc. review denied*, 356 N.C. 689, 578 S.E.2d 325 (2003); *State v. Hill*, 116 N.C. App. 573, 583, 449 S.E.2d 573, 579 (holding that evidence of separate restraint was sufficient when defendant could have committed rape in front of store, but, before committing rape, defendant threatened victim with gun to force her to store restroom and tied her hands with telephone cable), *disc. review denied*, 338 N.C. 670, 453 S.E.2d 183 (1994); *Walker*, 84 N.C. App. at 543, 353 S.E.2d at 247 ("The facts in the instant case show that defendant, after threatening the victim with physical harm and forcing her back into the car, drove the car to a more secluded area, in back of one of the church buildings, before committing the rape. Defendant could have perpetrated the crime when he first stopped the car, but instead decided to take greater precautions to prevent others from witnessing or hindering his crimes. This additional action on defendant's part was sufficient to prevent dismissal of the kidnapping charge.").

In addition, the jury could have concluded that defendant deceived Jane into voluntarily going with him that evening by telling her he had something important to show her. Such deceit, unnecessary for the rape, is sufficient to support a conviction of kidnapping. *See State v. Sexton*, 336 N.C. 321, 365, 444 S.E.2d 879, 904 ("[D]efendant's evidence, if believed, sufficed to show trickery employed to accomplish removal . . . . Therefore, we conclude the trial court did not err in instructing the jury as to kidnapping that consent obtained or induced by fraud or by fear is not consent."), *cert. denied*, 513 U.S. 1006, 130 L. Ed. 2d 429, 115 S. Ct. 525 (1994). The trial court, therefore, did not err in denying defendant's motion to dismiss.

No error.

Judge ROBERT C. HUNTER concurs.

Judge ELMORE concurs in the result in a separate opinion.

ELMORE, Judge, concurring in the result.

I concur in the result of Part I of the majority opinion but write separately to articulate my disagreement with part of the reasoning of the majority opinion. I concur fully in Part II of the majority opinion.

The majority opinion focuses on the due process concerns raised by the short form indictment for first degree rape, as set out in N.C.

Gen. Stat. § 15-144.1. I share in the majority's worry that "the State, unable to prove rape or attempted rape, could nonetheless obtain a conviction for an uncharged assault occurring before or after the sexual encounter." However, it seems that the majority opinion forecloses the use of § 15-144.1 to support any conviction for assault on a female, which renders that portion of § 15-144.1 a nullity.

The majority opinion relies on *State v. Jeffries*, a case that predates the Supreme Court's holding that assault on a female is not a lesser included offense of rape. 57 N.C. App. 416-17, 291 S.E.2d 860 (1982); *State v. Herring*, 322 N.C. 733, 743, 370 S.E.2d 363, 370 (1988). In *Jeffries*, the defendant was charged with and convicted of second degree rape. *Jeffries*, 57 N.C. App. at 416, 291 S.E.2d at 859. He argued that he was entitled to instructions on the lesser included offense of assault on a female and put forth two possible "occurrences" that he argued could support a charge of assault on a female: (1) before penetration, he wrestled with the victim, kissed her, and pressed his body against hers; and (2) during intercourse, he hit the victim. *Id.* at 418, 291 S.E.2d at 860. With respect to the first "occurrence," we explored the hypothetical situation that the victim had consented to intercourse. *Id.*, 291 S.E.2d at 861. Assuming consent, we concluded that the defendant's acts of wrestling, kissing, and pressing his body against the victim's were part of his sexual "preliminaries" and could not be considered to be an assault. *Id.* Because a jury could not reasonably find both that the intercourse was consensual and that the "sexual preliminaries" constituted an assault on a female, the trial court properly withdrew the charge of assault on a female from jury consideration. *Id.* at 419, 291 S.E.2d at 861.

We then turned to the second "occurrence," during which the victim allegedly struck the defendant during hypothetically consensual intercourse and, in retaliation, the defendant struck her back, while still engaged in hypothetically consensual intercourse. *Id.* Again assuming that the intercourse was consensual, as the defendant alleged, we concluded the strike was "evidence that [the] defendant committed an assault on a female completely independent of and distinct from, as opposed to being inherent in and incident to, his forceful intercourse with [the victim] against her will." *Id.* The remainder of our analysis of the second occurrence focused on demonstrating that the strike and the rape involved "two distinct occurrences," rather than a "greater offense and a lesser included offense." *Id.* at 420, 291 S.E.2d at 861. We explained that because the strike had occurred after the two had already commenced in-

tercourse and was not used to subdue the victim, the strike could not be considered a lesser included offense of the rape. *Id.* at 419-20, 291 S.E.2d at 861. We concluded that, because the defendant had only been indicted for second degree rape, he could not be convicted of assault on a female based upon the strike during intercourse and thus was not entitled to an instruction on assault on a female. *Id.* at 420, 291 S.E.2d at 861-62.

The majority opinion relies upon *Jeffries* to explain why defendant's indictment does not support an instruction on assault on a female, but this reliance creates the following conundrum: A defendant who assaults a victim during consensual intercourse, as in the *Jeffries* hypothetical, cannot receive an instruction on assault on a female because the assault is not integral to the rape. However, a defendant who assaults a victim immediately before or after intercourse, but who alleges that the victim consented to the intercourse, also cannot receive an instruction on assault on a female because the assault is not integral to the rape. It appears, then, that there is not a set of facts that would support an instruction for assault on a female stemming from a rape indictment, despite the clear directive in N.C. Gen. Stat. § 15-144.1 that the short form rape indictment supports a verdict of assault on a female.

In my opinion, the *Jeffries* court was constrained by the existing rule that assault on a female was a lesser included offense of rape and, as a result, the reasoning is not completely transferable to the case at hand. In *Jeffries*, the scenario put forth by the defendant was that the victim consented to the intercourse, but not to the strike during the intercourse. That factual scenario appears to be the type that would support an instruction for assault on a female, were *Jeffries* before us today: the intercourse was consensual, but the attendant violence was not. The majority opinion appears to foreclose the possibility of using a short form rape indictment to support a conviction for assault on a female when intercourse with the victim is consensual, but any attendant violence against the victim is not. My worry is that the majority opinion too narrowly construes *Jeffries* and its application to the case at hand.

Nevertheless, I agree that defendant in this case was not entitled to an instruction on the lesser, alternative offense of assault on a female. As defendant correctly avers, a proper short-form indictment for first degree rape will also "support a verdict of guilty of rape in the first degree, rape in the second degree, attempted rape or assault on a female." N.C. Gen. Stat. § 15-144.1(a) (2007). How-

ever, simply because an indictment may support a particular charge, the trial court is not required to give that charge to the jury. Both our Supreme Court and the U.S. Supreme Court have held that "due process requires an instruction on a lesser-included offense only 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.' " *State v. Conaway*, 339 N.C. 487, 514, 453 S.E.2d 824, 841 (1995) (quoting *Beck v. Alabama*, 447 U.S. 625, 635 65 L. Ed. 2d 392 (1980)). If "there is no evidence to negate [the elements of the crime charged] other than [the] defendant's denial that he committed the offense, the trial judge should properly exclude from jury consideration the possibility of a conviction of [a lesser included offense.]" *State v. Millsaps*, 356 N.C. 556, 560, 572 S.E.2d 767, 771 (2002) (quotations and citations omitted).

Here, the only evidence to negate the elements of first or second degree rape was defendant's denial that he raped the victim and his assertion that their intercourse was consensual. Moreover, the jury was given the choice between first degree and second degree rape and still returned a verdict of first degree rape after fewer than thirty minutes of deliberation. "The crime[s] of first degree rape and second degree rape contain essentially the same elements. The sole distinction between first degree rape and second degree rape is the element of the use or display of a dangerous weapon." *State v. Barkley*, 144 N.C. App. 514, 524, 551 S.E.2d 131, 138 (2001) (quotations and citation omitted). It is clear that the jury did not believe defendant's testimony that he did not use or display a dangerous weapon and found his testimony that their intercourse was consensual similarly incredible. A jury would not have rationally found defendant guilty of assault on a female and acquitted him of first or second degree rape. Accordingly, I agree that defendant was not entitled to an instruction on the lesser-included offense of assault on a female and that the trial court did not err by declining to so instruct the jury.